Blair v. Blair.

## BLAIR v. BLAIR.

74 311
111 623
111 625

1. **Divorce:** TEMPORARY ALIMONY: REVIEW ON APPEAL. An order allowing temporary alimony to a wife in an action for divorce is reviewable on appeal to this court, under Code, section 3164.

2. ——: ——: ———: EVIDENCE WANTING. In the absence of all of the evidence on which temporary alimony was granted in the court below, this court cannot say that the allowance was excessive.

3. **Appeal:** FROM NUGATORY ORDER: NO PREJUDICE. An order setting aside a former order, which has expired by its own terms, is of no effect, and hence no ground for complaint on appeal.

4. **Divorce:** ATTORNEY'S FEES: ALLOWANCE ON APPEAL. The decision appealed from in this case provided that the matter of allowing an attorney's fee should be continued to next term, and appellant made no complaint of such provision, but appellee now seeks in this court to have a fee allowed for the services of her attorney on the appeal. There being no proper evidence before this court on which to make such allowance, it is refused, without prejudice to a recovery upon a sufficient showing at the proper time.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

FILED, MARCH 12, 1888.

APPEAL from the decision of the district court in allowing plaintiff temporary alimony in an action brought by her to obtain a divorce from defendant. At

Blair v. Blair.

its October term, 1886, the court below made provision for the support of plaintiff by defendant until the next term, and required the payment by him of one hundred and twenty-five dollars as a retainer for plaintiff's attorney, and to procure the depositions on her part necessary for the trial. On the eleventh day of June, 1887, the district court, on the application of plaintiff for a further allowance of alimony, "ordered and adjudged" that defendant pay to the clerk for the use of plaintiff the sum of three hundred and fifty dollars for her temporary support. Fifty dollars of that amount was to be paid within ten days, one hundred dollars on the first day of July, 1887, and a like sum on the first day of August and on the first day of September of the same year. It was further provided that execution should issue for the several amounts aforesaid, if they were not paid when due. From the last allowance of alimony the defendant appeals.

J. F. Duncombe, for appellant.

Wright & Farrell, for appellee.

Robinson, J.—I. Appellee has filed a motion to dismiss the appeal, on the ground that an order for tempo-

1. Divorce: temporary alimony: review on appeal. rary alimony is not reviewable on appeal. Section 3164 of the Code provides that an appeal may be taken to this court from an order which "grants or refuses, continues or modifies, a provisional remedy." We understand that a "provisional" remedy is one provided for temporary purposes, as to meet a present exigency. If the relief granted by the district court be regarded as an order, merely, we think an appeal may be taken from it. It is, however, in the form of a judgment, and, while it is designed to provide for the temporary needs of the plaintiff, it is permanent in form, providing for the payment of fixed amounts on specified dates, and authorizing executions for their collection, and may, therefore, be regarded as a judgment final for the amounts therein named. The motion referred to is overruled on the ground named.

II. Appellant insists that the second allowance of alimony was excessive. Whether it was or not depends upon the circumstances of the parties, as disclosed on the hearing of the application for alimony. The abstract of appellant does not purport to contain all the evidence submitted, nor does it show that such evidence was in any manner made of record. It is even doubtful if it shows that the evidence abstracted was given on the hearing in question. Appellee denies the correctness of the abstract, and moves to strike the evidence therein contained from the record. This motion must be sustained. We have so frequently decided the question which it raises that a citation of authorities at this time would be useless. Since the evidence upon which the allowance in question was made is not before us, we cannot say that it was excessive.

2. ——:——: ——: evidence wanting.

III. When the court below made the allowance of alimony at its term of October, 1886, it provided that the plaintiff should have the exclusive use of the homestead of defendant until the next term of that court. When the allowance of June 11, 1887, was made, the court "ordered and adjudged that the order heretofore made in this case, allowing the plaintiff the use of the homestead, be, and the same is hereby, set aside." Appellant complains of the order quoted. What its purpose was we are at a loss to understand, since the order it refers to only provided for the use of the homestead by the plaintiff until the next term of court. The order objected to seems to us to have been without effect, and hence not prejudicial.

3. APPEAL: from nugatory order: no prejudice.

IV. The appellee asks for an order requiring the appellant to pay to the clerk of this court for the use of her attorneys, as compensation for services rendered on the trial of this appeal, the sum of one hundred dollars. The decision from which defendant appeals provided that the matter of allowing an attorney's fee should be continued to the next term of court. No complaint of that action

4. DIVORCE : attorney's fees : allowance on appeal.

is made by appellant, nor is it in any manner brought into question by the appeal. The amount which should be allowed for attorney's fees, if anything, depends upon the value of the services, and the ability to pay of the respective parties to the suit. These matters are not shown by any evidence properly submitted to this court. The order requested by appellee is, therefore, refused, but without prejudice to a recovery therefor on a sufficient showing duly made at a proper time.

AFFIRMED.