A. A. ALLINE, Administrator, etc., v. MARGARETHA FRANZ, Appellant.

INDIVIDUAL LIABILITY OF ADMINISTRATOR. One is so liable who colludes in a sale below value, and to deprive creditors of assets.

*Appeal from Woodbury District Court*—HON. SCOTT M. LADD, Judge.

THURSDAY, OCTOBER 18, 1894.

*O. C. Treadway* and *Argo, McDuffie & Argo* for appellant.

*Spalding & Taylor* for appellee.

KINNE, J.—I. The petition charges that the defendant wrongfully sold and converted to her own use a certain lot in the city of Le Mars, which was the property of plaintiff's intestate; that in a proceeding against defendant as administratrix of the estate of Jacob Franz, deceased, a judgment was entered in favor of plaintiff, and against defendant, as such administratrix, for six hundred dollars, interest, and costs, and ordered paid; that it has not been paid; and that defendant wrongfully disposed of the property of her said intestate in fraud of plaintiff's rights, and for the purpose of cheating and defrauding plaintiff, and wrongfully disposed of the property of the estate of Jacob Franz, whereby plaintiff's claim can not be paid. A personal judgment is therefore asked against the defendant. The defendant admitted she was the adminis-

tratrix of the estate of Jacob Franz, and that his estate was unsettled; admitted that plaintiff's claim was allowed against said estate; and averred that she had no funds belonging to said estate with which to pay the same. She denies all other allegations of the petition. A jury having been waived, the cause was tried to the court, and a judgment rendered against the defendant for the amount of plaintiff's claim. Defendant appeals.

II. The facts disclosed by this record are that in April, 1881, and prior thereto, J. Franz and one Hensler composed a copartnership, which, under the firm name of J. Franz & Co., owned and operated a brewery in Sioux City, Iowa. Franz owned a three fourths interest in the business, and Hensler one fourth. April 30, 1881, Franz died, intestate, without issue, but leaving surviving him his wife, the defendant in this action. Henslor, as surviving partner, carried on the business a short time, when he died, intestate and without issue, leaving a widow, Kate Hensler, surviving him. September 12, 1881, defendant, while administratrix of her deceased husband's estate, commenced a proceeding for the appointment of a receiver of the property of the late firm of J. Franz & Co., and such proceedings were had that one C. F. Hoyt was appointed as receiver. April 1, 1882, the district court made an order in said receivership, empowering the receiver, at the request of Margaretha Franz, as administratrix of the estate of Jacob Franz, and Kate Hensler, to sell and convey all of the real estate and personal property of the estate of J. Franz & Co. On May 24, 1892, said request was made to the receiver by said parties, and after notice the property of the estate was sold to the defendant herein, and to Kate Hensler, for twelve thousand dollars. This sale embraced the lot heretofore mentioned. This sale was approved by the court. June 7, 1882, Margaretha Franz, as administratrix of the estate of Jacob Franz, executed a deed to the lot heretofore mentioned, to one Elizabeth Metz. It appears that this lot had been deeded to the firm of J. Franz & Co. in October, 1879, in pursuance of an arrangement between plaintiff's intestate and Franz & Co. that the latter should pay certain money for the former, and the lot was to be deeded back to plaintiff's intestate any time within four years, in case he repaid the money advanced by Franz & Co., with interest. Before this action was begun a tender was made to Margaretha Franz, as administratrix, of the amount paid for plaintiff by Franz & Co., and interest, which she declined because she had sold the lot to Elizabeth Metz. From the evidence, it seems that the two widows, John Arensdorf, Hoyt, the receiver, and perhaps others, agreed to form a company for the purpose of taking the property of the late firm of Franz & Co. and carrying on the business of brewing. In pursuance of this agreement, on June 19, 1882, the Franz Brewing Company was organized, with the receiver, Hoyt, as president, and the two widows, Arensdorf, and others, as stockholders.

The widows sold the plant to the brewing company, and the latter paid the purchase price to the receiver, being the sum for which the widows had bid the property in at the sale. The company also paid the defendant eighteen thousand, eight hundred and seventy-five dollars, and

to Kate Hensler seven thousand, one hundred and twenty-five dollars, being the total sum of thirty-eight thousand dollars realized by defendant and Kate Hensler for a property which they had purchased a few days before for twelve thousand dollars of an officer of the court, who at once became the president of the new company. It is not clear from the evidence as to just the date of the arrangement whereby all of these parties agreed to form the brewing company, but it appears without dispute that the arrangement was made prior to June 19, 1882; and we think, from the fact that the purchase price was paid the receiver by the new company, of which the receiver was president, and other facts, we are justified in concluding that the arrangement to form the Franz Brewing Company antedated the sale of the property by the receiver to the two widows. That the whole matter was so planned as to defraud the creditors of J. Franz & Co. seems reasonably clear. The lot in question was transferred to J. Franz & Co. as security. It was worth much more than the amount of the debt it secured. The amount of the debt and interest was tendered to the defendant, as administratrix of her deceased husband's estate, but she refused to take it. The sale to the widows was in pursuance of a plan prearranged by which the entire assets of the late firm were absorbed, thereby depriving its creditors of legitimate firm property from which their claims could be satisfied. We think all of the facts and circumstances fully justified the court below in finding as it did. Here was a property worth thirty-eight thousand dollars sold for twelve thousand dollars. These widows, the nominal purchasers at the receiver's sale, were parties to this fraud upon the creditors of J. Franz & Co. By the arrangement which they consummated they were to, and did, absorb the property of the firm, to the extent of two thirds of its value. The practical effect of the transaction was to defraud, not only the creditors of J. Franz & Co., but also those of the individual members of the firm, because the twelve thousand dollars actually paid as a consideration for the property was insufficient for the payment of all the creditors, plaintiff's intestate being one whose claim remained unpaid. It is said that the sale was public; that it was approved by the court. It can readily be seen how the court, not knowing all of the facts which are now made to appear, might properly approve the sale, in view of the knowledge it had. Look at the matter as we may, the fact is undisputed that in this deal the defendant profited to the extent of over eighteen thousand dollars, and the estate of the firm of J. Franz & Co. and of J. Franz, was depleted to that extent. The defendant never paid a cent of the consideration for the purchase. The property involved was the same which had been owned by the firm of J. Franz & Co., and nominally conveyed by the receiver of said firm to the two widows.

Claim is made that this action should have been against Margaretha Franz as administratrix of her deceased husband's estate. It seems to us idle to so contend, under the facts appearing in this record. The administratrix, as a witness on the stand, admits the liability of the estate to pay plaintiff's claim, but says she has not now, nor has she ever had, any funds belonging to said estate with which to pay said claim. The law

does not require the doing of useless things. It is apparent that an action against defendant as administratrix would be fruitless. As defendant has misapplied the funds of her intestate's estate, she should be held liable personally for the amount of this claim.

We have examined all of the alleged errors, and discover nothing of a prejudicial character. The finding of the court stands as the verdict of the jury, and we think it is supported by the evidence. AFFIRMED.