STATE OF IOWA v. W. B. WADDLE, Appellant.

DISCRETIONARY ACT: TRANSCRIPT AT EXPENSE OF COUNTY. The advisability of ordering a transcript on appeal by defendant in a criminal case to be made at the expense of the county as provided by Code, section 3777, rests in the discretion of the trial court.

*Appeal from Wapello District   Court.*—HON. W. D. TISDALE, Judge.

WEDNESDAY, OCTOBER 2, 1895.

W. B. Waddle was indicted for the crime of endeavoring to commit, or procure another to commit, perjury. He was convicted of the offense charged, and sentenced to imprisonment in the county jail, and from the judgment pronounced appeals.—*Affirmed.*

*Jaques & Hunter* and *Seneca Cornell,* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller,* for the state.

Deemer, J.—After the conviction of defendant, he filed a motion for an order directing the shorthand reporter to extend his stenographic notes at the expense of the county. This motion was denied, and the appeal is from this order. Section 3777 of the Code contains the following: "Provided that when the defendant in any criminal case, who shall have perfected an appeal from a judgment against him, presents to the judge satisfactory proof by affidavit or otherwise that he is unable to pay for such transcript; the court, if in the opinion of the judge, justice will be thereby promoted, may order said transcript to be made at the expense of the county." The advisability of making such an order as was asked in this case rests peculiarly within the discretion of the trial judge. He is conscious of the character of the case, the nature of the testimony, the severity of the punishment, and of all the facts and circumstances surrounding the case; and we must presume that his discretion was wisely

exercised. He no doubt was fully impressed with the responsibility resting upon him, and has decided the case under his oath, according to the very right of the matter. Evidently the trial judge was of the opinion that justice would not be promoted by making the order. We, of course, do not have the testimony, and are unable to say what questions are presented therein. Such of the record as we do have does not indicate an abuse of discretion on the part of the trial judge. The order of the court overruling the motion is *affirmed*.