THE STATE OF IOWA v. ALONZO ROBBINS, Appellant.

**Transcript in Criminal Case:** ALLOWANCE AT COUNTY'S EXPENSE: *Abuse of discretion.* Where accused is convicted of murder in the first degree, and assigns fifteen grounds for a new trial, which is refused, a refusal of the trial court to grant a transcript at the expense of the county—under Code, section 254, providing that if defendant has perfected an appeal from a judgment against him, and satisfies a judge of the Court from which the appeal is taken that he is unable to pay for the transcript, such judge may order the same made at the expense of the county—on the ground that the Court feels that defendant has had a fair trial, is an abuse of discretion.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

THURSDAY, DECEMBER 15, 1898.

THIS case is by leave submitted on a typewritten abstract, which shows as follows: An indictment charging the defendant with murder in the first degree, signed: "A true bill. P. M. Mathews, Foreman of the Grand Jury,"—was returned and filed October 11, 1897. October 13, 1897, the defend-

ant pleaded not guilty. R. M. Marshall was appointed to defend, and by consent the case was continued. At the December term, 1897, trial was had, and on December 30 the jury returned its verdict, as follows: "We, the jury, find the defendant guilty of murder in the first degree, as charged in the indictment, and direct that he be punished by imprisonment in the penitentiary at hard labor for life. Wm. Adams, Senior, Foreman." On January 3, 1898, the defendant filed his motion for a new trial, assigning fifteen separate grounds therefor, which are set out at length in the abstract. On January 7, 1898, this motion was overruled, and judgment of imprisonment in the penitentiary at Ft. Madison for the term of his natural life rendered against the defendant. On January 7, 1898, the defendant caused notice of appeal to be served. On March 7, 1898, defendant made application for an order for a transcript of the shorthand notes at the expense of the county, as follows: "State of Iowa, Lee County—ss.: I, Alonzo Robbins, being first duly sworn, depose and say that I am defendant in above-entitled cause; that at the December term, 1897, of this court, I was convicted of murder in the first degree, and sentenced to the penitentiary for life; that I desire to take an appeal in this cause; that I have no money with which to pay for a transcript; that at the time of my trial I had no money, and the court appointed an attorney to manage the case for me at the expense of the county; that I have no money at the present time, and no property or assets of any kind or description; that I am wholly unable to pay for a transcript, and, unless the court grants me a transcript at the expense of the county, I will be unable and cannot take an appeal in this case. Wherefore, I respectfully ask the court to grant me a transcript at the expense of the county, that I may be able to have my cause reviewed by the supreme court. Alonzo Robbins." "Subscribed and sworn to before me by Alonzo Robbins this second day of February, 1898. F. M. Ballinger, Notary Public." On the fourteenth day of May, 1898, judgment was rendered by Henry Bank, Jr., J., overruling said application "on the ground that the only question

in the trial was the question as to the defendant's sanity, and the court feels that the defendant had a fair trial on that question, and the jury found him guilty, and, the matter being discretionary with the court, the motion is therefore overruled." On May 19 following, the defendant caused notice of appeal from the judgment overruling said application to be duly served.—*Reversed.*

*Frank M. Ballinger,* for appellant.

*Milton Remley,* Attorney General, and *Hubert Remley* for the State.

GIVEN, J.—I. On the twenty-seventh day of September, 1898, the appellant served and filed an additional abstract, which shows that on September 20, 1898, Henry Bank, Jr., J., who tried the case and heard the said application, certified that the affidavit of defendant set out in the certificate, and which is the same shown in the abstract as quoted above, was all the evidence introduced at the hearing of said application. To said additional abstract is appended the certificate of the attorney for appellant that said additional abstract, together with the original abstract, "constitute the evidence, and all of the evidence, offered at or during, or which had reference to, the hearing of defendant's application for a transcript at the county's expense." Appellee's counsel move to strike this additional abstract upon the grounds that it was not filed until after appellee's argument; that it is not a bill of exceptions, and was not filed in the court below, or made a part of the record. The filing of this additional abstract was no doubt suggested by the claim of counsel for the state in their argument that the original abstract was not certified by either the judge, reporter, or attorney as containing all the record or all the evidence. It will be observed that this additional abstract discloses nothing more than what was contained in the original, except that it certifies that the only evidence upon which said application was heard was the affidavit of the appellant, which, as we have seen, appears at length in the original

abstract. We have the certificate of counsel in effect that said affidavit constitutes all the evidence upon which the application was heard; therefore, if we strike the certificate of the judge, we still have the fact before us that said affidavit was all the evidence offered upon the hearing of said application. We conclude that the motion should be sustained, but, as we are required to consider cases like this without regard to technical errors or defects which do not affect substantial rights of the parties, we may proceed to consider the only question presented by this appeal, namely, whether the court erred in refusing said application for an order for a transcript at the expense of the county. See Code, section 5462.

II.     This application is made under section 254 of the Code, which contains the following: "If a defendant in a criminal cause has perfected an appeal from a judgment against him, and shall satisfy a judge of the court from which the appeal is taken that he is unable to pay for the transcript of the evidence, such judge may order the same made at the expense of the county." Counsel discuss the question whether, the judge being satisfied that the appellant is unable to pay for a transcript, it is imperative upon him to grant an order. The difference between the prior statute (section 3777, Code 1873), as construed in *State v. Waddle*, 94 Iowa, 748, and the present statute, is pointed out, and authorities cited as to when permissive language will be held to be imperative. Appellant also contends that, conceding that it was discretionary with the judge whether or not to grant this order, there was such an abuse of that discretion as to call for a reversal. In the view we take of this last contention, it is unnecessary that we consider the first. There can be no question that, if the grounds stated for a new trial are well taken, the new trial should have been granted; and it is equally clear that a transcript of the evidence is indispensable to a full consideration of the defendant's appeal from the judgment of conviction. The learned judge, holding it to be discretionary with him, refused the order, not because he was not satisfied that the

appellant is unable to pay for the transcript, but for the reason that there was but one question in the case, namely, the sanity of the defendant, "and the court feels that the defendant had a fair trial on that question." We are justified in concluding from the record that appellant is unable to pay for the transcript, and that the trial judge was satisfied of that fact. Now, conceding that it was discretionary with the judge, notwithstanding defendant's inabilty to pay for the transcript, to say whether or not the order should be granted, we inquire whether there was an abuse of that discretion, and we do so mindful of the superior opportunities of the trial judge to know as to the nature of the case. In *State v. Waddle, supra,* wherein a like application was made under the former statute, it is said: "He [the judge] is conscious of the character of the case, the nature of the testimony, the severity of the punishment, and of all the facts and circumstances surrounding the case; and we must presume that his discretion was wisely exercised." The severity of the punishment is recognized as proper to be considered. In that case the punishment was imprisonment in the county jail for a limited time; in this it is imprisonment in the penitentiary for life. No doubt the trial judge had felt that the appellant had had a fair trial, and the same is true in every case wherein a defendant's motion for a new trial is overruled. If it were otherwise, a new trial would be granted. It will not do to say that, because the judge is satisfied that the defendant has had a fair trial, he shall be denied the right of appeal; yet that is the effect of the ruling on this application. A transcript of the evidence is necessary to a prosecution of defendant's appeal. He is unable to pay for it, and therefore, if not furnished at the expense of the county, unable to procure it. The spirit of our law is not only to secure to the accused a full and fair trial in the lower court, but also a full review of his case on appeal to this court. In view of the severity of the punishment, the grounds assigned for a new trial, the necessity for a transcript of the evidence, the inability of the defendant to pay therefor, and his right to a review of the case on appeal in

this court, we conclude that the exercise of a sound discretion required that the order for a transcript at the expense of the county should have been made. The judgment upon this application is reversed, and the case remanded for judgment sustaining the application. REVERSED.