STATE OF IOWA v. DAVID R. WRIGHT, Appellant.

**Appealable Orders:** REFUSAL TO ALLOW TRANSCRIPT AT EXPENSE OF COUNTY. Since, Code, section 254, providing that if defendant in a criminal case has appealed from the judgment against him, and shall satisfy the court from which the appeal is taken that he is unable to pay for the transcript, the court may order the same at the expense of the county, is in the nature of a provisional remedy, and not a part of the criminal case itself, it is within section 4101, authorizing an appeal from an order affecting a provisional remedy, and an appeal will lie from an order refusing a transcript in a criminal case, at the expense of the county.

DEEMER and LADD, JJ., dissenting.

REVIEW ON APPEAL. The denial by a court of a transcript at the expense of the county, the furnishing of which transcript is authorized by Code, section 254, in cases where a defendant is unable to pay for one, is not conclusive, and the findings leading to such denial may be reviewed on appeal.

SAME: *Duty of relatives.* Where defendant in a criminal case has no means, and his relatives refuse to furnish him money to pay

for a transcript necessary for appeal, it is error for the trial court to deny his application for transcript at the expense of the county, as authorized by Code, section 254, since there is no law requiring relatives to assist in such a case, where defendant is an adult.

*Appeal from Appanoose District Court.*—HON. M. A. ROBERTS, Judge.

WEDNESDAY, MAY 23, 1900.

THE defendant was convicted of the crime of manslaughter. After final judgment, and after an appeal had been perfected therefrom, he made application to have the evidence in the case transcribed at the expense of the county, which was denied, and he appeals from that order.—*Reversed.*

*C. F. Howell* for appellant.

*Milton Remley,* Attorney General, for the State.

SHERWIN, J.—This is an appeal from an order refusing a transcript in this case at the expense of the county. The state contends that an appeal will not lie from the order. Section 254 of the Code, under which the application was made, does not provide for an appeal; nor can it be successfully urged that an appeal will lie under section 5448, which provides for appeals in criminal cases, for that section expressly states that an appeal can only be taken from the final judgment. This court has heretofore entertained appeals from orders under the statute in question, but without any suggestion as to its want of jurisdiction so to do. *State v. Waddle,* 94 Iowa, 748; *State v. Robbins,* 106 Iowa, 688. The right of appeal is a purely statutory one, and it follows as a matter of course that, if the statute does not give this right in the case before us, it does not exist. So much of section 254 of the Code as relates to the matter in controversy is as follows: "If the defendant

in a criminal case has appealed from judgment against him, and shall satisfy a judge or a court from which the appeal is taken that he is unable to pay for the transcript, such judge may order the same at the expense of the county." This procedure after final judgment in a criminal case, whereby it is sought to impose a financial burden upon the county for the purpose of assisting the defendant in presenting his case to this court, may be said to be in the nature of a provisional remedy; that is, one which provides for his present needs or for a present exigency. *Blair v. Blair,* 74 Iowa, 311. It is not, strictly speaking, a part of the criminal case itself, but an after provision, made by the legislature for the full protection of the accused upon appeal to this court. We therefore think it falls within section 4101 of the Code, relating to civil procedure, and that an appeal will lie from the order. This view finds support in *State v. Jones,* 64 Iowa, 358. The trial judge, in denying the application for a transcript, stated that he did so because he was satisfied that defendant could procure means to pay for the same.

It is contended on the part of the state that this finding of the trial court is conclusive under the statute, and that this court cannot review the evidence upon which the finding is based. Such cannot be held to have been the intention of the legislature. Such a rule would invest the court with the most arbitrary power, and, no matter how flagrant its abuse thereof, no redress could be had upon appeal. The intent of the statute is to clothe the judge with power to grant or refuse the request as shall appear to him right under the proof submitted, and his finding thereon is subject to review here. If this court is satisfied that there has been no abuse of the discretion lodged in him, his action will be approved. But, if it shall appear there was no foundation for the finding, then it is the duty of this court to correct the error.

The appellant filed affidavits showing conclusively that he was himself entirely destitute of property or means of any kind or description, and stating that he had no relatives who were able to render him further assistance. In addition to this, his affidavits showed that his relatives absolutely refused to furnish him more money for the purpose of appealing his case, and that he was unable to raise it from any source. To overcome this showing, the state produced affidavits setting forth the fact that the defendant was able to procure bail, and that some of his relatives owned property from which they might raise the necessary money; but in every instance those relatives swore that they were in debt, and that to aid the defendant would require great sacrifice on their part. While a moral obligation may require relatives to assist one another in such cases, we know of no legal rule requiring it, where, as in this case, the defendant is an adult. If, as intimated by the state in resisting the application, the judge had facts bearing upon the question specially within his own knowledge, they ought in some way to have been made a part of the record for review by this court. We reach the conclusion that the trial court made a mistake in not granting the order upon the showing made, and the case is reversed and remanded, with direction to grant the order. —REVERSED.

DEEMER, J.——(dissenting). Regretting that I cannot agree with the majority, for I believe that the legislature ought to provide for an appeal from such a ruling as is here involved, I am nevertheless constrained to file this dissent from what I think is a plainly erroneous construction of the statute. The majority correctly say that the right of appeal is purely statutory, and that if the statute does not confer the right it does not exist. I would only add this general principle, that, when a statute does give the right of appeal from certain orders in a criminal case, appeals from all other orders are by necessary implication excluded. This is simply an application of the maxim, "*Expressio unius est*

*exclusio alterius."* Now, Code, section 5448, provides that "the mode of reviewing in the supreme court any judgment, action or decision of the district court in a criminal case is by appeal. An appeal can only be taken from the final judgment and within one year thereafter. Either the defendant or state may appeal." It will be noticed that the statute covers any judgment, action, or decision in a criminal case, and then provides that an appeal can only be taken from the final judgment. That the order in question was an action or decision in a criminal case can hardly be doubted. To avoid the effect of this conclusion, the majority say that the procedure was not a part of the criminal case, but a provisional order, from which an appeal will lie, because of the section of the statute relating to appeals in civil cases. This, to my mind, is the fundamental error of the opinion. It is an order or decision in a criminal case, and the section of the statute under which the order was made (section 254) gives no right of appeal. *Blair v. Blair,* 74 Iowa, 311, is a civil case, and the provisional order there made was appealable by the express terms of the statute. See Code, section 4101. *State v. Jones,* 64 Iowa, 358, simply holds that a petition for rehearing may be filed in a criminal case after an opinion has been filed in this court. The decision was based on sections 3201, 3202, Code 1873, which were general in terms, and related to procedure in this court. Nothing was said regarding petitions for rehearing in the sections of the statutes relating to criminal appeals, and the general statutes relating to practice in this court were held applicable to criminal appeals. The case does not, in my judgment, give any support to the conclusions of the majority. Here we have a statute giving the right of appeal from judgments in criminal cases, of necessity, excluding the right in all other matters. For obvious reasons, the statutes relating to the right of appeal in civil cases cannot apply. *State v. Waddle* and *State v. Robbins,* cited by the majority,

are not in point. The *Waddle Case* arose under the Code of 1873, and the question was not raised in the *Robbins Case* Code 1873, sections 4520, 4522, expressly gave the right of appeal from any action or decision in a criminal case, but provided that no appeal could be taken until *after judgment*. Under these statutes, it was expressly held that the sections of the Code relating to criminal appeals did not apply, and that no appeal could be taken in criminal cases from rulings on a demurrer. *State v. Swearengen,* 43 Iowa, 336; *State v. Hoffman,* 67 Iowa, 281. In the former case it is said: "It is expressly provided an appeal may be taken from an intermediate order or decision in a civil action, but, there being no such provision as to a criminal action, an appeal therein can only be taken from the judgment which is the final adjudication." The appeal in the instant case is not from the final judgment, but is from an action or decision in a criminal case based on the statute providing for the allowance of a transcript at the expense of the county, from which no right of appeal is either recognized or provided. To sustain the conclusion reached by the majority, the preposition "from" should be construed in its primary sense, as relating to time, and not in its secondary, as relating to cause or instrumentality. That it is not based on this reasoning is evidence that it cannot be. I am ready to agree that the word, ordinarily, relates to time, but it may also be used in its secondary sense. That it relates to a cause or instrumentality is, it seems to me, clear from the context. The time within which the appeal may be taken is fixed by the last clause of the sentence. The first part relates to subject-matter and the second to time. Statutes often use the word in connection with robbery, as robbery "from" the person. When so used, it does not mean after. It has no reference to time, when so used. The change in the word from "after" to "from" in the new Code is significant. In the Code of 1873, "after" referred to time; in the new Code, "from" refers to subject-matter.

It may be that, on appeal from a final judgment, intermediate orders may be considered on appeal. Indeed, I think we ought to so hold. But, as already suggested, this is not an appeal from a final judgment. The appeal is from the decision of the district court in a criminal case, independent of the main appeal from the final judgment. And as the appeal can only be taken from the judgment there is nothing to consider, for the statute under which the order was made does not provide for an appeal. As I view it, the majority are unduly impressed with the idea that an appeal should be allowed from such order, and that to deny it would jeopardize the rights of one accused of crime. While there is some potency in the thought that an appeal might well be provided in such cases, it furnishes no reason for allowing it, when the legislature for some reason saw fit to deny the right of appeal from an order refusing the ordering of a transcript at the expense of the county. The whole matter seems to be left to the sound discretion of the trial court, and we have no right to assume that this discretion will be illegally or unjustly abused. I would dismiss the appeal.

LADD, J., concurs in this dissent.