STATE OF IOWA v. A. M. STEIDLEY, Appellant.

**Criminal law:** APPEALABLE ORDERS. An appeal will lie from an order 1 denying a defendant a transcript of the evidence at the expense of the county.

**Same:** RIGHT TO TRANSCRIPT AT COUNTY'S EXPENSE. The fact that a 2 criminal defendant has pledged all his property to his attorneys to secure their fees does not entitle him to an order for a transcript of the evidence, where it appears that after allowing them a reasonable fee there will be more than sufficient property remaining to pay for the transcript.

DEEMER, J., dissenting.

*Appeal from Lee District Court.*— HON. H. BANK, JR., Judge.

TUESDAY, JANUARY 8, 1907.

THE defendant was convicted of a felony and appeals from an order denying him a transcript of the shorthand notes at the expense of the county.— *Affirmed.*

*Jones & Kendrick,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

SHERWIN, J.— The State has filed a motion to dismiss the appeal on the ground that the order is not an appealable one, and the motion was submitted with the case. In *State v. Wright,* 111 Iowa, 621, we expressly held that an appeal would lie from an order denying the defendant a transcript at the expense of the county, and we are not inclined to overrule that case, notwithstanding the insistence of the State that it was erroneously decided. The motion to dismiss the appeal must therefore be overruled.

1. CRIMINAL LAW: appealable orders.

To authorize the judge of the trial court to order a transcript of the evidence at the expense of the county, the defendant must satisfy him that he is unable to pay for the same. Code, section 254. Under this statute, it is the duty of the trial court to hear the evidence and determine therefrom whether the defendant is unable to pay for a transcript, and, unless it appears to this court that the finding is practically unsupported by the evidence, we will not interfere with the order. State v. Wright, *supra;* State v. Waddle, 94 Iowa, 748; State v. Robbins, 106 Iowa, 688. In other words, where there is substantial evidence supporting the finding of the trial court, we will not reverse.

2. SAME: right to transcript at county's expense.

The record before us conclusively shows that at the time of the application herein the defendant was the owner of ninety acres of farm land, worth about $2,700, and of personal property worth about $800. There was a mortgage of a little over $700 on the farm before the defendant was indicted, and since then he has conveyed the property to his attorneys to secure them for their services in making defense in this and other criminal cases, and to secure his bondsmen on appeal in this case. Without going into the figures in detail, it is sufficient to say that the record furnishes abundant evidence that the defendant had enough property to care for his family, fairly compensate his attorneys, and pay for a transcript of the evidence, and the court was clearly

right in refusing a transcript at the expense of the county. While attorneys are entitled to just compensation for their efforts in behalf of accused clients, the statute does not contemplate a transcript at the expense of the county simply because the defendant has pledged all of his property for their security; and when it appears, as it does here, that a reasonable fee will still leave more than sufficient to pay for a transcript, the court's duty is plain.— The order is *affirmed*.

DEEMER, J.— I still adhere to my dissent expressed in *State v. Wright,* 111 Iowa, 621.