STATE OF IOWA, Appellee, v. W. R. GOODSELL, Appellant.

**Criminal law:** APPEAL: TRANSCRIPT AT EXPENSE OF COUNTY. For the purpose of prosecuting an appeal a defendant in a criminal case, under the present statute, is entitled to a transcript of the evidence taken upon the trial at the expense of the county, where he has satisfactorily shown his inability to pay for the same.

*Appeal from Butler District Court.*— HON. C. H. KELLEY, Judge.

WEDNESDAY, NOVEMBER 20, 1907.

DEFENDANT, after trial, was convicted of the crime of incest, and was sentenced to a term in the penitentiary. After serving notice of appeal in form and manner and within the time prescribed by law, he applied by motion for an order directing that a transcript of the evidence taken upon the trial be made at the expense of the county for his use in prosecuting his appeal. The motion was supported by the affidavit of defendant, wherein it was recited that the appeal was in good faith, that a transcript of the evidence was necessary to the appeal, and that he had no money or property out of which to procure and pay for such transcript. As thus supported, and without any counter showing, the motion was submitted and overruled. Defendant appeals. — *Reversed.*

*Tom H. Milner,* for appellant.

*H. W. Byers, Attorney General,* and *Chas. W. Lyon, Assistant Attorney General,* for the State.

BISHOP, J.— The statute (Code, section 254) provides that " if a defendant in a criminal cause has perfected an appeal from a judgment against him, and shall satisfy a judge of the court from which the appeal is taken that he is unable to pay for a transcript of the evidence, such judge may order the same made at the expense of the county." Now, in the absence of any counter showing, the affidavit of the defendant was sufficient to establish the fact of his poverty. Counsel for the State do not stop to question this. The contention presented is that, as there was no showing of merit in the appeal, the ruling of the court was correct, notwithstanding the proof of poverty. This is to argue that the word " may," as it appears in the statute, is to be given construction according to its letter, and therefore the granting of an order is within the discretion of the court. And in support of this *State v. Waddle,* 94 Iowa, 748, is cited and relied upon. In our view, the argument is misplaced. As the statute was at the time the *Waddle* case was decided, the form of expression was: " The court, if in the opinion of the judge justice will be thereby promoted, may order," etc. Code 1873, section 3777. The change to the present form of expression came with the Code of 1897. That there was a purpose underlying the change cannot be doubted, and we think it was to make obligatory the granting of an order on satisfactory proof of poverty. This is to say, of course, that the word " may " should be read " must." But it is well settled that we are authorized to do this, where necessary to effectuate a plain purpose of the lawmaking body. Now, without doubt, the trial judge believed that the defendant had been rightly convicted, and that an appeal must be without merit. We

are bound to assume this, as otherwise he would have set aside the verdict and granted a new trial. It is for this court to determine if the judgment resulted in a failure of justice, and we think it was the intention of the statute to give an impecunious defendant a fair opportunity to have his case brought here for review. And this seems to have been the governing thought in several of our recent cases where the question has been presented. *State v. Robbins,* 106 Iowa, 688; *State v. Wright,* 111 Iowa, 621; *State v. Steidley,* 133 Iowa, 31.

We conclude that the motion for an order should have been sustained, and the case will be remanded, with instructions to proceed in harmony with the view thus expressed.— *Reversed.*

DEEMER, J. (dissenting).— I do not think the order in this case is appealable; but, if it were, I do not think we should reverse, because we do not have the record before us upon which the trial court acted. Without this we should not conclude there was error in the order denying the transcript. Without the record upon which the trial court acted before us, we are assuming that some appealable ruling was made; whereas, this may have been the very ground upon which the trial court overruled the application, and, if this be so, we should not reverse. There is a presumption in favor of the action of the trial court in such cases, and the universal rule is that error must affirmatively appear to demand a reversal. Suppose defendant waived all errors by failing to take exceptions to the rulings of the court, or for any other reason failed to put himself in position to raise any question on appeal, surely in such a state of the record no transcript should be ordered. Aside from the question of the right of appeal in such matters, we should have enough of the record before us to show that some question arose upon the trial which this court could consider. This does not appear, and I would for these reasons *affirm.*

LADD, J., concurs in the dissent.