STATE OF IOWA v. J. A. HARRIS, Alias ARTHUR JOHNSON, Appellant.

**Criminal law:** APPEAL: TRANSCRIPT FOR DEFENDANT: DISCRETION. An order for a transcript of the evidence in a criminal case, to be made for the benefit of defendant on appeal and at the expense of the county, is largely a matter of discretion, and will not be reversed on appeal unless an abuse of such discretion is shown, or for its illegal exercise not based on the law and the facts presented.

**Same.** Where defendant stated in his affidavit for a transcript at the expense of the county that he was wholly without means to procure the same and that he had been in confinement for over a year, and the opposing affidavits simply disclosed that he had a small sum of money before arrest and prior to two trials for felony, in the defense of which he employed counsel, and there was no showing that he had since been able to earn anything or that he had any means with which to procure the transcript, the court was not justified in refusing it on the ground that he was able to pay for the same himself.

**Same.** Refusal to order a transcript at the expense of the county for use by a defendant unable to procure the same for himself, on the ground that he has had a fair trial, is an illegal exercise of the trial court's discretion.

Same: SHOWING OF MERITS. It is not necessary that the defendant make a showing on the merits of the case in support of his application for a transcript at public expense.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

FRIDAY, MAY 5, 1911.

THE defendant was convicted of the crime of burglary and sentenced to the penitentiary for life. He appeals from an order denying him a transcript of the shorthand notes at the expense of the county. *Reversed* and *remanded.*

*Don Barnes* and *Barnes & Chamberlain,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas. W. Lyon,* Assistant Attorney-General, for the State.

SHERWIN, C. J.—The defendant was convicted of the crime of burglary while armed with a dangerous weapon, and was sentenced to the penitentiary for life. He perfected his appeal to this court, and thereafter applied to the district court for an order for a transcript of the shorthand notes of the evidence at the expense of Linn county. In support of said application, he filed his own affidavit that he was wholly without means to procure such transcript, and that he had no relatives or friends who were willing to assist him. He further showed that he had been confined in the penitentiary since early in December, 1909, under the judgment of conviction herein. The affidavit of his attorney was also filed, wherein it was shown that such transcript was necessary for the proper presentation of his appeal to this court. The county attorney filed a resistance to the defendant's application, in which it was shown that when the defendant was arrested on the

charge of burglary he had in his possession $165 in money, a watch, and some jewelry, of value unknown, none of which property was claimed by any other person than defendant. It was also shown by the affidavit of the county attorney that the defendant had been indicted at the same time for another burglary, and that he had been tried and convicted on that charge, and that he employed counsel in both defenses and appealed from the other conviction as well as from the conviction in this case.

The trial court is clothed with discretion in these matters, and its order will not be reversed unless it appears that there has been an abuse of such discretion.

1. CRIMINAL LAW: appeal: transcript for defendant: discretion. *State v. Robbins,* 106 Iowa, 688; *State v. Steidley,* 133 Iowa, 31. But the discretion exercised by the trial court must be a legal discretion, based on the law and the facts presented. Where it is otherwise, the trial court can not be sustained.

The resistance to this application does not show that the defendant had any means with which to procure a transcript, or any way of raising the necessary money. It

2. SAME. is true that he had $165 in June, 1909, before either of his trials, but such fact does not under the circumstances tend even to show that he had money when he made this application in 1910. He employed counsel to defend in both trials. The charges were both felonies, and a proper defense and preparation therefor involved labor for which he is presumed to have paid. Nor is there any showing that the defendant was in a situation to earn anything after his arrest in June, 1909. Unless the defendant's positive assertion is to be wholly disregarded, we think it must be said that he had conclusively shown his own inability to procure a transcript. If that be true, the court was not warranted in denying his application on the ground that the defendant was able to pay for the transcript himself.

Was he exercising a sound legal discretion in denying it for other reasons? The only other reason that could be given for the ruling, would be that the defendant had had a fair trial and was undoubtedly guilty, and, in fact, that was one of the reasons advanced by the state in resistance to the application. But the defendant has the legal right to have the trial below reviewed in this court, and the trial court that convicted him should not be permitted to prevent a consideration of the appeal by an order refusing a necessary record. As said in *State v. Robbins,* 106 Iowa, 688: "A transcript of the evidence is necessary to a prosecution of the defendant's appeal. He is unable to pay for it, and therefore, if not furnished at the expense of the county, unable to procure it. The spirit of our law is not only to secure to the accused a full and fair trial in the lower court, but also a review of his case on appeal to this court." The language of the opinion in that case is applicable here. The defendant is serving a life sentence. He has appealed from such judgment to this court. His appeal can not be heard unless a transcript of the evidence be furnished him at the expense of the county, and this has been denied him.

3. SAME.

It is suggested by the state that there should be a showing of merits with the application. We do not think it necessary, however. It is certain that this court would not determine the merits of the appeal on an application for a transcript which is necessary to present the case, and it must be presumed, we think, that an appeal is taken in good faith, unless some showing be made to the contrary. We are constrained to hold that the trial court was wrong.

4. SAME: showing of merits.

The order is therefore reversed and the case remanded for an order in harmony herewith. *Reversed* and *remanded.*