STATE OF IOWA, Appellee, v. HAYES VAN GORDER, Appellant.

**CRIMINAL LAW:** Transcript on Appeal—Impecunious Defendant. A defendant in a criminal cause is not shown to be able to pay for a transcript of the evidence because he was able to give a large appeal bond, because his wife had financial prospects, or because he was an able-bodied man, it appearing that his opportunity to work had been interrupted by arrest on other charges.

*Appeal from Monroe District Court.*—D. M. ANDERSON, Judge.

OCTOBER 18, 1921.

THE defendant was convicted of manslaughter, and prosecuted an appeal. He made application to the district court, under the statute, for an order that a transcript of the evidence in said cause be ordered at the expense of the county. The application was refused, and defendant appeals from the order denying said application.—*Reversed and remanded.*

*William S. Hart* and *D. W. Bates,* for appellant.

*Ben J. Gibson,* Attorney General, and *B. J. Flick,* Assistant Attorney General, for appellee.

FAVILLE, J.—The appellant was indicted in the district court of Monroe County, Iowa, charged with the crime of murder in the first degree. Upon the trial, he was convicted of manslaughter. From judgment on said conviction, he has prosecuted an appeal to this court.

In proper form, the appellant presented his application for an order that the transcript of the evidence in the cause in which he had been convicted should be ordered by the court at the expense of Monroe County, Iowa. The appellant's application was supported by his own affidavit and that of others re-

specting his financial condition. Affidavits in resistance thereto were filed. The order of the lower court was as follows:

"Upon showing made by the defendant and counter showing made by the State, the court is not satisfied that the defendant is not able to pay for a transcript of the evidence taken upon the trial. The defendant apparently had no difficulty in giving an appeal bond of $7,500, upon which he is now and has been since May at liberty upon the charge herein made. He is an able-bodied man, and, with the present demand for labor, ought to have no difficulty in making $5.00 or more per day. He and his wife were interested in a property at Poplar Bluff, Missouri, in which they certainly had considerable equity. His wife has an interest in her father's estate of $3,000 or $4,000, and he has brothers and sisters and other relatives in Allamakee County, Iowa, who have heretofore come to his aid. In his trial in this court, he was permitted to subpoena all the witnesses he asked for, and many of them residing at a great distance. The county has paid these fees. The case was an expensive one to Monroe County, and the added burden of a transcript at its expense should not be added, when the means are certainly at hand for the defendant to bear this expense himself.

"The defendant's motion for a transcript of the evidence in this case at the expense of Monroe County, Iowa, is overruled, to which ruling the defendant at the time duly excepts."

Code Section 254 provides as follows:

"If a defendant in a criminal cause has perfected an appeal from a judgment against him, and shall satisfy a judge of the court from which the appeal is taken that he is unable to pay for a transcript of the evidence, such judge may order the same made at the expense of the county."

We have examined the record, and are satisfied therefrom that the appellant has clearly established his inability to pay for the transcript in said cause. The fact that he was able to furnish an appeal bond, or that his wife has an interest in her father's estate, or that the appellant has brothers and sisters and other relatives in Allamakee County, Iowa, who had previously come to his aid, is not a sufficient reason why he should be denied a transcript at the expense of the county, as he has no legal way of securing any funds from these sources, with

which to pay for a transcript. Nor should the fact that he was permitted to subpœna witnesses in his trial at the expense of the county, or that the case has been an expensive one, be considered as any just reason why his application for an order for a transcript should be denied.

The fact that the appellant is an able-bodied man, and should be earning good wages, as suggested in the order of the court, is not sufficient to justify the refusal of his application for a transcript at the expense of the county, in view of the affidavits filed in the case. It sufficiently appears that the appellant had been arrested and was imprisoned for another offense, and therefore has not been in a position to earn money for the payment of a transcript. The apparent interest of the appellant in a property at Poplar Bluff, Missouri, in which his wife is also interested, appears to be so negligible that we do not think it could fairly be said that the appellant had any resources therein which would be available to him to secure the necessary money for a transcript in this cause.

The theory of our law is to guarantee, in so far as possbile, not only a fair and impartial trial to every person charged with crime, but also a right to have his cause reviewed by the highest tribunal in the state, so that it may be determined that his conviction has not been erroneously or illegally procured. We have had occasion to review this statute and to discuss it in *State v. Robbins*, 106 Iowa 688, *State v. Wright*, 111 Iowa 621, *State v. Goodsell*, 136 Iowa 445, *State v. Harris*, 151 Iowa 234, and it is unnecessary for us to review what we have said therein respecting this statute and its proper construction and application.

Upon the record in this case, we are satisfied that the trial court was in error in denying the appellant's application for a transcript at the expense of Monroe County, Iowa, but that the same should have been ordered by the court.

It therefore follows that the action of the lower court is reversed, and said cause is remanded, with instructions to the lower court to proceed in accordance with this opinion.—*Reversed and remanded.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.