THE STATE OF NEVADA ON THE RELATION OF
FREDERICK WILLIAM TEETER, PETITIONER,
*v.* THE EIGHTH JUDICIAL DISTRICT COURT
OF THE STATE OF NEVADA, IN AND FOR THE COUNTY
OF CLARK, DEPARTMENT 2 THEREOF, RESPONDENTS.

No. 3487

May 19, 1947.

180 P.2d 590.

*Thruston, Salter & Bonner,* of Las Vegas, for Petitioner.

*Robert E. Jones,* District Attorney of Clark County, of Las Vegas, for Respondents.

**OPINION**

By the Court, EATHER, C. J.:

This proceeding is based upon a petition to this court for a writ of mandate to compel Honorable A. S. Henderson, judge of the Eighth judicial district court of

the State of Nevada, department No. 2, thereof, to cause to be prepared at the cost and expense of the county of Clark, a transcript of the evidence and proceedings of the trial of petitioner, at which trial petitioner, on the 28th day of February 1947, was convicted of the crime of second degree murder.

That petitioner on the 3d day of March 1947 made a motion for arrest of judgment and a motion for a new trial in said court, both of which motions were denied.

That in due time, on the 8th day of April 1947, petitioner filed his notice of motion and affidavit in said court for an order to cause to be prepared at the expense of Clark County, a transcript of the evidence and proceedings of said trial and to furnish petitioner sufficient copies of the same to prosecute his appeal to this court. The said application was made pursuant to the provisions of section 3 of senate bill No. 65, approved and signed March 18, 1947. The court denied the motion and refused to make the order, hence this proceeding.

This court, pursuant to said petition, issued an alternative writ of mandate and order to show cause, which was heard on the 12th day of May 1947.

The affidavit of Frederick William Teeter, the petitioner, sets forth that he has been informed by his attorneys that he has good grounds for an appeal, and that he is absolutely without funds or property of any kind to pay for the preparation of the transcript of the evidence and proceedings in the matter.

The resistance of the petition does not deny the truth of the affidavit of petitioner. Respondents' brief calls to the attention of this court that from the trial record the respondents had ample reason to feel that the defendant in this case had sufficient money or means with which to pay for the transcript himself, or that for other reasons he was not entitled to a transcript. Respondents contend that if the defendant in this case has any right whatsoever to a transcript of the evidence at county expense, it is solely by reason of senate bill No. 65.

An act was introduced in the legislature in 1947 under senate bill No. 65, entitled, "An Act to provide for and to regulate bills of exceptions in criminal cases, and repealing all acts and parts of acts in conflict therewith." The bill was passed by the legislature and approved March 18, 1947, and is now chapter 87, Statutes of Nevada 1947.

Section 3 of the act provides:

"The court shall have power upon good cause being shown therefor:

"(a) To order that the bill of exceptions provided for in subdivision (1) of section 2 of this act be prepared at the cost and expense of the county wherein the case was tried.   * * .*"

The policy of the legislature in the past has been to afford to those persons charged with or convicted of a felony, and who are without financial means, the same fundamental rights given those who are financially able to defend such rights. This policy is continued and is extended by the act of the legislature under chapter 87, supra. The power is given the court to order that the bill of exceptions provided for in the act be prepared at the cost and expense of the county wherein the case was tried. This power is to be exercised upon good cause being shown therefor.

1-3.   Good cause has no fixed meaning, but depends upon the circumstances of each case to be determined by the legal discretion of the court. Trial courts should and will exercise their sound discretion in protecting the rights of defendants who have been convicted and who desire to appeal their cases to the higher courts. It is evident from the language of the section in question that the good cause shown would be the desire of the defendant to appeal his case, based upon the advice of his counsel that he has good gounds for an appeal, and that he is absolutely without funds or property of any kind to pay the cost of the transcript.

There is nothing before this court to show that the affidavit of defendant was contested by the state.

■ Respondents herein base their refusal to make the order primarily on the fact that the defendant paid his own attorneys at the trial. The fact that he depended upon his own resources until they were exhausted should not weigh against the defendant, but on the contrary is a circumstance in his favor in his showing of good cause.

In the case of State v. Harris, 151 Iowa 234, 130 N.W. 1082, 1083, speaking on the subject of defendant's inability to pay for a transcript of the evidence on appeal, the court said: "The resistance to this application does not show that the defendant had any means with which to procure a transcript, or any way of raising the necessary money."

In that case, as in the case before this court, it was contended that the defendant had employed counsel to defend him at his trial, but such fact does under the circumstances tend to show that he had money when he made his application. The court said: "Unless the defendant's positive assertion is to be wholly disregarded, we think it must be said that he had conclusively shown his own inability to procure a transcript. If that be true, the court was not warranted in denying his application on the ground that the defendant was able to pay for the transcript himself."

As to the other reasons, the court said: "Was he exercising a sound legal discretion in denying it for other reasons? The only other reason that could be given for the ruling would be that the defendant had had a fair trial and was undoubtedly guilty, and, in fact, that was one of the reasons advanced by the state in resistance to the application. But the defendant has the legal right to have the trial below reviewed in this court, and the trial court that convicted him should not be permitted to prevent a consideration of the appeal by an order refusing a necessary record."

As said in State v. Robbins, 106 Iowa, 688, 77 N.W. 463, 464:

"A transcript of the evidence is necessary to a prosecution of defendant's appeal. He is unable to pay for it, and therefore, if not furnished at the expense of the county, unable to procure it. The spirit of our law is not only to secure to the accused a full and fair trial in the lower court, but also a full review of his case on appeal to this court."

"The language of the opinion in that case is applicable here. The defendant is serving a life sentence. He has appealed from such judgment to this court. His appeal cannot be heard unless a transcript of the evidence be furnished him at the expense of the county, and this has been denied him.

"It is suggested by the state that there should be a showing of merits with the application. We do not think it necessary, however. It is certain that this court would not determine the merits of the appeal on an application for a transcript which is necessary to present the case, and it must be presumed, we think, that an appeal is taken in good faith, unless some showing be made to the contrary. We are constrained to hold that the trial court was wrong. The order is therefore reversed and the case remanded for an order in harmony herewith." State v. Harris, supra.

■ It must be presumed that the intent of the legislature in enacting section 3 of the 1947 act was to fortify the right of a defendant in a criminal case to an appeal by granting to the court the power to order that the bill of exceptions be prepared at the expense of the county wherein the case was tried.

■ A substantial and legal reason to authorize the court to exercise the power granted would be an unchallenged cause by the defendant that he was absolutely without funds or property to secure such a bill of exceptions. The trial court may exercise discretion in passing upon the question of the financial ability of the applicant in this case, but there is nothing before this court to show the exercise of such discretion, as

respondent urged that for other reasons defendant was not entitled to a transcript.

■ It is assumed that the defendant had a fair and impartial trial and that no grave or prejudicial errors have occurred, but if the court refuses to exercise the power granted under the statute upon that basis, then he thereby usurps the functions of this court and himself assumes to pass as a court of review upon his own rulings, and this denies the constitutional right to appeal. No such purpose or intent can be presumed to have been in the legislative mind when they enacted senate bill 65, supra.

In Brogdon v. State, 38 Okl.Cr. 269, 260 P. 784, and cases cited therein, it was held that in a criminal prosecution where the defendant has been convicted and desires to appeal, upon a proper showing made to the trial court that he is unable to pay the court reporter for a transcript of the testimony, or the court clerk for a transcript of the record, it is the duty of the trial court to make an order directing this to be done without expense to the defendant.

In Kendall v. Rudderow et al., 35 Ariz. 453, 281 P. 37, it was held that where defendant in a criminal case filed affidavit alleging that he was without means to pay for transcript of record on appeal, under Pen.Code 1913, sec. 1163, and county attorney failed within five days to file demand that defendant be examined touching matters set forth in affidavit, defendant was entitled to have reporters furnish transcript at county's expense, though no copy of affidavit had been served on county attorney, and county attorney had no knowledge of the filing thereof, and no hearing upon the affidavit had been had before the court.

In State ex rel. Coella v. Fennimore, 2 Wash. 370, 26 P. 807, it was held that a person who, on conviction of murder, gives notice of appeal, and shows that he is absolutely unable to pay for a transcript of the record, is entitled to such a transcript of the record, is entitled to such a transcript at the expense of the public.

The United States supreme court, speaking through Chief Justice Marshall, in the case of Osborn v. President, etc., of Bank of United States, 9 Wheat 738, 866, 22 U.S. 738, 866, 6 L.Ed. 204, said: "Judicial power, as contradistinguished from the power of the laws, has no existence. Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law."

■ Courts ought not to exercise their discretion by refusing the writ when such refusal would abrogate the plain language of the statute.

"If the court has any discretion in a case like this one, it ought not to exercise it by denying the writ, which would result in a judicial repeal, the usurpation of the powers of the Legislature, and a dangerous precedent." State ex rel. White v. Dickerson, 33 Nev. 540, 113 P. 105, 114.

■ Performance of a duty, enjoined upon an officer by law, without leaving him any discretion in its performance, may be compelled by mandamus, if there be no other adequate remedy. State of Nevada ex rel. H. R. Mighels v. J. Eggers, 36 Nev. 364, 136 P. 104.

In many jurisdictions an indigent defendant in a criminal case is entitled to a transcript of the stenographer's record, bill of exceptions, or some form of record of the proceedings in the trial court, to aid him in the preparation of his appeal, at the expense of the county or state. 100 A.L.R. 327, and numerous cases cited therein.

The instant case seems to fall within the cases above cited. A great number of other cases could be cited but we do not deem it necessary to discuss other cases on this point.

██ Counsel have fully briefed their points and authorities and we have given careful attention to the same, and have read all the cases cited in the briefs. In our opinion the claim of respondents is not supported by the weight of authority. Practically all authority is to the contrary, therefore we find ourselves in agreement with the cases cited by the petitioner. Adhering to the law many times announced by numerous courts, we have no other alternative.

The prayer of the petition is granted, and it is ordered that the peremptory writ of mandamus is issued herein commanding respondents, upon receipt of the writ, to forthwith make and enter an order that the bill of exceptions provided for in subdivision (1) of section 2 of senate bill No. 65 be prepared at the cost and expense of Clark County, Nevada, and that petitioner be furnished, without cost to him, sufficient copies of same to present his appeal herein.