Filed March 1, 1890.

---

No. 15,438.

## MORGAN EX PARTE.

CRIMINAL LAW.—*Appeal.*—*Poor Person.*— *Long-Hand Manuscript of Evidence.*—*Payment of Expense.*—A defendant in a criminal prosecution who has made a showing that he is without means to employ counsel and make defence, and the court appoints counsel who makes a defence for him, can not as a matter of right require the circuit court to make an order requiring the stenographer to make out a long-hand manuscript of the evidence, and an order for the payment of the same, and attorney's fees, out of the county treasury, in order to prosecute an appeal to the Supreme Court.

SAME.—*Prosecution of Appeal.*—*Transcript and Attorney's Fees.*—*Discretion of Court.*—While the defendant, in such case, is not entitled to such order as of right, probably the court in its discretion might make an allow-

ance for the preparation of a transcript, and for the payment of counsel
to prosecute an appeal.

From the Henry Circuit Court.

*J. M. Morris,* for appellant.

*L. T. Michener,* Attorney General, for the State.

OLDS, J.—Isaac Morgan was indicted by the grand jury
of Henry county for assault and battery with intent to kill
and murder one Howren. Upon a showing to the circuit
court that the said Morgan was without money or means to
employ counsel to defend him at the trial of said cause, the
court appointed an attorney for him, and the attorney ac-
cepted the appointment and appeared and made defence in
said cause. The trial resulted in a conviction, and the de-
fendant was sentenced to the State prison. The evidence on
the trial was taken down by a stenographer appointed by the
court, who also noted the rulings of the court on objections
to evidence and the exceptions to the ruling by counsel.
After the trial and sentence the defendant, by his attorney,
made an application in the court verified by the attorney, for
an order requiring the stenographer to make out and deliver
to the defendant or his attorney a long-hand manuscript of
the evidence, rulings of the court and exceptions thereto,
and that the court further order that said stenographer be
paid a reasonable compensation for the same out of the
county treasury. It was stated in the application and show-
ing that said defendant was wholly without means to pay for
such long-hand manuscript, and that the stenographer refused
to make the same out and deliver it to the defendant or his
attorney without he be paid for the same in advance; that
the defendant desired to appeal said cause to the Supreme
Court, and that the question he desired to present arose upon
the evidence, and his appeal would be unavailable without a
long-hand transcript of the evidence; that, unless the court
ordered and paid for such long-hand manuscript of the evi-

dence the defendant would be deprived of an appeal to the Supreme Court.

The court refused the application, and the defendant excepted, and filed his bill of exceptions and prosecutes this appeal.

No objections are made to the manner of presenting the question to this court, or to the sufficiency of the application. The question presented is, can the defendant in a criminal prosecution, who has made a showing that he is without means to employ counsel and make defence, and the court has appointed counsel, who accepts and makes a defence for him in the circuit court, as a matter of right require the circuit court to make an order requiring the stenographer to make out a long-hand manuscript of the evidence to enable him to prosecute an appeal to this court? Or, in other words, has the defendant in such a case the right to prosecute an appeal to the Supreme Court of the State, and compel the expense of a long-hand transcript and counsel fees for prosecuting such appeal to be paid out of the county treasury; and is the circuit court compelled under the law to make an order requiring the stenographer to make out such long-hand transcript of the evidence, and make an order for the payment of the same?

If the defendant in a criminal prosecution has any such right it must be derived from the Constitution or laws of the State, and if such right is given, it must be by sections 12 and 13 of the bill of rights, or by section 260, R. S. 1881. Section 12 of the bill of rights provides that: "All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." He does not derive any such right under this section. It has no more application to a poor person than a rich one. But in view of the following section it does not become necessary to construe this one, for section

13 expressly defines the rights of persons accused of crimes, as follows:

" Section 13. In all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offence shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face; and to have compulsory process for obtaining witnesses in his favor."

It will be seen by this latter section that the rights of a person accused of crime are not left in uncertainty, but are expressly guarded and defined by the Constitution. Under the laws of the State, when a poor person accused of crime has counsel appointed and paid to defend the prosecution against him, he is secured in all the rights guaranteed to him by the Constitution. Courts are open and free to him, and he has the right of a speedy trial, the right to meet the witnesses face to face, and compulsory process for obtaining witnesses in his favor; he has the right to be tried by an impartial jury in the county where the offence has been committed.

The indictment or information must disclose the nature and cause of the accusation, and he has the right to a copy of it; and when the court has assigned him counsel, if he has no means to employ counsel, he has the right to be heard by himself and counsel, and he is secured in all the rights guaranteed to him.

Section 260, R. S. 1881, provides for the assignment of an attorney by the *nisi prius* courts to prosecute or defend actions for poor persons. While this is found in the civil code, and relates particularly to civil actions, yet it has been held to apply also in criminal prosecutions, and that when an appointment is made in the *nisi prius* court, unless revoked, it extends to all subsequent proceedings, including an appeal to this court. *Stout* v. *State*, 90 Ind. 1.

It has also been held that the *nisi prius* court has power

to appoint an attorney to defend a pauper independent of the statute. *Gordon* v. *Board, etc.,* 52 Ind. 322. But under the Constitution and the statute this power rests with the *nisi prius* courts, and relates to the trial of causes in such courts, and must be in a great measure committed to the discretion of the presiding judges of such courts. *Nisi prius* courts are provided for the trial of causes, and the presumption is in favor of a fair trial and that no error has been committed; and when all the means have been provided for the preservation of the parties' rights, and for a fair and impartial trial in such court, and a fair trial had, the State has discharged its obligation to such person, and he can not of right demand more. Probably the court in its discretion in a proper case might make an allowance for the preparation of a transcript, and for the payment of counsel to prosecute an appeal; or a case might arise where it might be an abuse of discretion to refuse such allowance, but no such question is presented in this case. The sole question to determine in this case is whether the defendant was entitled to such an order as of right, and we hold that he was not.

There was no error in the ruling of the court.

Judgment affirmed.

**Filed March 12, 1890.**