THE STATE OF IOWA, Appellee, v. W. N. KEHR, Appellant.

**Criminal law:** RETRIAL: TRANSCRIPT AT EXPENSE OF COUNTY. Where there is a retrial after reversal upon substantially the same evidence, which is available to defendant, the county ought not to be burdened with the expense of a second transcript.

**Same:** BILL OF EXCEPTIONS. The statute making the shorthand notes and their extension a bill of exceptions does not deprive the court of the right to settle and approve a bill of exceptions according to the former practice.

*Appeal from Linn District Court.*— HON. MILO P. SMITH, Judge.

FRIDAY, JANUARY 17, 1908.

THE opinion states the facts.— *Affirmed.*

*Don Barnes* and *Barnes & Chamberlain,* for appellant.

*H. W. Byers, Attorney General,* and *C. W. Lyon, Assistant Attorney General,* for the State.

WEAVER, J.— Defendant, having been convicted of the crime of burglary, appealed to this court, where the judgment against him was reversed because of an error in a paragraph of the trial court's charge to the jury. *State v. Kehr,* 133 Iowa, 35. On a retrial upon substantially the same evidence defendant was again convicted, and has again appealed. Preparatory to presenting this last appeal appellant made application for an order for a transcript of the record at the expense of the county, supported by a showing sufficient in form under the ruling upheld by a majority of this court in *State v. Robbins,* 106 Iowa, 692; *State v. Wright,* 111 Iowa, 621; *State v. Gray,* 116 Iowa, 231; *State v. Height,* 117 Iowa, 650, and other cases since decided involving the same question. The order was denied by the court for reasons stated as follows: " The application of the defendant for an order for a transcript of the evidence at the expense of Linn county is denied, for the reason that the cause was tried once before on exactly the same evidence that it was this time, and thereon judgment of imprisonment in the penitentiary for twenty years was rendered. He appealed to the Supreme Court, and the case was reversed on a single error in an instruction to the jury, which error was in characterizing a piece of evidence ' a strong circumstance against defendant.' The error was cured on the last trial by omitting the word ' strong ' from the in-

structions, and, the entire record having been otherwise approved by the Supreme Court, no reason (exists) for the county paying for another transcript."

Assuming, as we must, the correctness of the statement of the court that the second trial was upon the same evidence on which the former conviction was had, there was no error in denying the application. This is not, as counsel construe it, a ruling that the defendant is not entitled to prosecute an appeal from the second conviction. It is simply a holding that, if the evidence is fairly available to the defendant without the expense of a transcript, the county ought not to be burdened with the duty of furnishing it. It may be true, as suggested by counsel, that defendant would not be allowed to submit this appeal on the record made use of in the former appeal, at least without some order of the court allowing him so to do, but with that record in existence it was a very easy thing for counsel to frame a bill of exceptions embodying all of the pertinent evidence and rulings complained of, and have it settled, signed, and filed. This would have effectually preserved the record in a form to be used in presenting the case to this court, and the necessity of extending the shorthand notes would have thereby been obviated.

The statute lately adopted, which makes the shorthand notes and their extension a bill of exceptions, does not either in terms or by implication take away the authority of the trial court to approve and settle a bill of exceptions in accordance with the former practice.

No error appears in the ruling, and the judgment appealed from is *affirmed*.