## JORDAN v. STATE.

### Opinion delivered January 22, 1912.

1. COSTS—RECOVERY AT COMMON LAW.—No costs were recoverable at common law, either in civil or criminal cases. (Page 43.)

2. APPEAL AND ERROR—DUTY OF CLERK TO FURNISH TRANSCRIPT IN FELONY CASES.—In felony cases the clerk of the circuit court must furnish a transcript to the defendant on application therefor, and can not demand payment of his fees in advance; and if he refuses to do so, a rule will be issued from this court requiring him to do so. (Page 44.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; motion sustained.

*H. A. Parker,* for appellant.

PER CURIAM: Appellant, Will Jordan, was convicted of a felony, and an appeal was granted by the circuit court.

He moves this court for a rule on the clerk of the circuit court to require the latter to furnish a transcript of the record in the case, which he alleges that the clerk has prepared but refuses to deliver or to send up to this court until the fees for making the same are paid.

This raises the question whether the clerk may rightfully demand payment of his fees in advance for making a transcript in a felony case.

At common law costs were unknown, either in civil or criminal cases, and the question of recovery thereof never arose. A decision of such questions must therefore depend entirely upon a construction of the statutes on the subject.

The statutes of this State concerning payment of costs in criminal cases read as follows:

"Sec. 2469. Fees allowed in criminal cases shall be paid by the defendant; but if sufficient property belonging to the defendant can not be found for that purpose, they shall be paid by the county where the conviction is had, except in such cases of misdemeanor, where the county is not to be liable.

"Sec. 2470. In all criminal or penal cases, pending under indictment in the circuit courts, if the defendant shall be acquitted or *nolle prosequi* entered by the attorney for the State, except in cases where the prosecutor shall be adjudged to pay the costs, or in cases of felony, if the defendant shall be convicted and shall not have the property to pay the costs, the same shall be paid by the county.

"Sec. 2471. The county shall not be liable for costs when the defendant is convicted, until execution shall have been issued against the property of such convict, and returned unsatisfied for the want of property to satisfy the same, unless the court in which the trial was had shall certify that, in the opinion of such court, the costs can not be made out of the property of the defendant." Kirby's Digest.

The statute concerning judgment for costs in felony cases on appeal to this court reads as follows:

"Sec. 2626. On the affirmance of a judgment, where the appeal is taken by the defendant, and on the reversal of the judgment, where the appeal is taken by the State, a judgment for costs shall be rendered against the defendant." Kirby's Digest.

In some jurisdictions it has been held, under statutes making a county liable "for costs of prosecutions," that there is no liability on the part of the county for costs made by the defendant. 11 Cyc. of Law, p. 283, and cases there cited.

Our statute is, however, much broader in its terms, as it makes the county liable for all fees allowed in felony cases where property of the defendant can not be found.

The Constitution of this State and the statutes thereof declare the right of appeal under certain restrictions, but no intention is evinced to impose on a person convicted of felony the payment of fees for transcript as a condition to his right to appeal. The conclusion is, therefore, that the circuit clerk

must furnish a transcript on application therefor and can not demand payment in advance of his fees. The rule against the clerk, requiring him to furnish transcript, is therefore awarded.

KIRBY, J., dissents.