THE STATE OF CONNECTICUT *vs.* FRED KLEIN ET AL.

Third Judicial District, Bridgeport, October Term, 1920.

WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, JS.

Under our practice (General Statutes, §§ 5831, 5840), no distinction is recognized in the method of taking and prefecting appeals to this court, between civil and criminal causes. In either case the appellant is chargeable with the cost of procuring and printing a transcript of the evidence if required upon his appeal.

In the present case the accused were convicted of murder in the second degree and appealed to this court on the ground that the verdict was against the evidence. While this appeal was pending they moved the trial court to order all the evidence in the cause to be made a part of the record and to be printed at the expense of the State; but this motion was denied April 28th, 1919. A year and a half later, on October 18th, 1920, they applied to this court for a similar order, alleging that they were entirely without funds to meet the necessary expense of obtaining and printing the evidence. *Held:*—

1. That such a motion was within the discretion of the trial court provided it found that the certification and printing of the evidence was necessary to a proper presentation of the questions raised by the appeal and that the accused were entirely without funds.

2. That the denial by the trial court of the motion made in April, 1919, was within its sound discretion and that this court would not undertake to review that decision at this late day.

3. That the gravity of the charge would undoubtedly lead the trial court to see that the public defender appeared, in case the present counsel of the accused withdrew as now seemed likely; and that if the public defender then felt that the evidence should be printed he might renew the earlier motion and that thereupon the trial court could consider it *de novo* and in the light of this opinion.

If an accused be without means his counsel should notify the court and thereupon the public defender will take charge of the case.

If the accused can pay for a part of his defense such sum should be turned over to the clerk for such application and the cause ordinarily be conducted thereafter by the public defender.

Orders for the transcript and printing of the evidence may be made by the trial court upon an adequate finding, but such orders are reviewable for an abuse of discretion in issuing them.

Argued October 26th—decided November 10th, 1920.

MOTION in writing by the accused to this court for an order requiring the Superior Court in Hartford County to certify to this court all the evidence in said cause and make it a part of the appeal record, at the expense of the State. *Motion denied.*

*Edward J. Myers,* for the defendants (in support of the motion).

*Newell Jennings,* Assistant State's Attorney, for the State (in opposition to the motion).

PER CURIAM. The accused have appealed from the judgment of the Superior Court and from the denial of their motion for a new trial on the ground that the verdict was against the evidence.

They move that this court direct the Superior Court to certify all the evidence in said cause and make it a part of the record, and print the same at the expense of the State, upon the ground that they are entirely without funds to meet the necessary expenses.

Section 5840 of the General Statutes provides that upon the denial of a motion for a new trial for verdict against the evidence, the party making such motion may take his appeal, and thereupon the trial court shall certify to this court all the evidence in said cause and make it a part of the record. This requires the presentation by the appellant to the trial court in all cases of all of the evidence desired to be certified, at his expense, and the procuring from it of such certification and the making of it a part of the record. The statute further provides: "The provisions of section 5831 as to the expense of printing evidence . . . shall apply to appeals taken under the provisions of this section." Section 5831, relating to the procedure upon motions to correct the finding, provides that "the ex-

pense of printing any evidence so made part of the record shall be paid by the party taking the exceptions . . . at the actual expense thereof, not to exceed one dollar for each legal page for one copy." Applying this provision to § 5840, we think that, in spite of the lack of clearness and definiteness, its fair intendment is that the printing of the evidence on appeal upon the denial of a motion for a new trial for verdict against the evidence shall be paid for by the party appealing.

No distinction in our practice is recognized between the appeal in the civil and that in the criminal case. But we have long made provision for the defense of an accused who was unable to meet the expenses of such appeal; and § 5840 must be construed with this long outstanding custom in mind.

The resources of an accused should be devoted first to the necessary disbursements attendant upon his defense and appeal, and next to the services of his counsel. When the resources are exhausted and counsel purpose withdrawing, the court should be so apprised at once, and thereupon the public defender takes charge of the cause. If the accused can only pay for a part of the expenses, such sum as he can pay should be turned over to the clerk of the criminal court for such application, and the cause ordinarily be thereafter conducted by the public defender.

Orders for a transcript of the evidence and its subsequent printing should, in the first instance, be made by the criminal court and be subject to review by this court when the discretion of the trial court has been abused. Orders of this nature are not made as of course, but upon a finding that the ordering and certification of the evidence were reasonably necessary to a proper determination of the questions upon the appeal.

In the exceptional case the continuance of the em-

ployment of counsel retained by an accused and paid for by him may be permitted by the court, while at the same time the court orders the transcript of the evidence and its printing to be at the expense of the State. The basis of such an order must be not alone the benefit to the accused, but also the benefit to the public. An order of this nature is within the sound discretion of the trial court and reviewable.

The denial of this motion by the Superior Court when presented to it April 28th, 1919, was within its sound discretion. We cannot review it at this late day, nor could we have found upon the record as presented, an abuse of discretion had it been presented to us seasonably.

The grave criminal charge against these accused would lead the trial court to see that the public defender appeared for the accused in case their present counsel withdraw, as they indicate they will. If the public defender should, upon examination of the record, determine that the evidence should be made a part of the record, it would be proper for him, in view of the unusual situation, to renew the motion made in April, 1919, and its consideration by the trial court would be had in the light of this ruling and *de novo*.

Motion denied.