[No. 18111.    Department One.    July 28, 1923.]

THE STATE OF WASHINGTON, *on the Relation of George Edward Whitfield, Plaintiff,* v. THE SUPERIOR COURT FOR CLARKE COUNTY, *Respondent.*[1]

CRIMINAL LAW (394, 395)—APPEAL—RIGHTS OF ACCUSED—PAYMENT OF FEES OR COSTS—LIABILITY OF COUNTY. It is a proper exercise of discretion to deny an accused a free transcript of the record as an indigent defendant, where, at the time prosecution was begun, he had property of the value of $1,000 which he had conveyed to an attorney for the purpose of paying the expense of an appeal; and upon the attorney's refusal to so apply it, he still had some property which he had not disposed of.

Certiorari to review an order of the superior court for Clarke county, Simpson, J., entered June 25, 1923, denying relator a transcript on appeal. Affirmed.

*Charles S. Lane,* for relator.

HOLCOMB, J.—Relator, under judgment and sentence of death for a capital crime, has sued out a writ of review from the order of the judge of the superior court for Clarke county, denying him a free transcript of the record and proceedings in the trial of his cause below, as an indigent defendant.

It is urged by relator that, under § 1729, Rem. Comp. Stat. [P. C. § 7305], he is entitled to the record, includ-

[1]Reported in 216 Pac. 887.

ing the testimony, at the expense of the county, as an indigent defendant. That section, by its terms, applies only to the transcript to be prepared, certified and sent up by the clerk of the superior court on appeal, and not to the testimony, defining the transcript as "containing a copy of so much of the record and files as the appellant shall deem material to the review of the matters embraced within the appeal, etc." It has always been construed by us as being a transcript of the record and files of the clerk, and not a statement of facts to be certified by the judge.

Relator also contends that if § 1729, *supra,* does not apply to such matter, § 42-5, Rem. Comp. Stat. [P. C. § 8599], which is § 5 of the Laws of 1913, ch. 126, p. 386, being an act authorizing court reporters in certain classes of counties, does grant such a right.

We are urged by the prosecuting attorney for respondent to pass upon these matters of law in order to settle them, notwithstanding the merits of this case, for the guidance of county attorneys and courts in the future. While the matters of law involved herein are important, they are not necessary to a decision of this case, and we shall not determine them.

In this case the court found, and the facts show, that relator, at the time the prosecution against him was begun, had property of the value of $1,000 or more, which was not affected by a writ of attachment which had been sued out and levied in a suit brought against him for damages for the wrongful death of the child killed by him. The trial court also found that, if he did not have the property, he had purposely deprived himself thereof.

The last portion of the trial court's finding was based upon the facts that relator had conveyed certain of his property to one of the attorneys who defended

him in the trial of the prosecution for murder. It appears that two attorneys had been appointed by the trial court to defend relator, who received compensation from the county. The trial court states in the record that these two attorneys were appointed for relator solely because he stood mute and refused to plead, refused to employ counsel, and counsel was absolutely necessary for relator because he was charged with murder in the first degree, and a jury was necessary even though he should plead guilty to the charge. It is shown by the affidavit of Mr. Lane, counsel now appearing for relator, and by that of relator himself, that the property was conveyed to the other attorney for the purpose of using it in part to pay the expenses of appeal should an appeal be necessary. After the conviction, the other attorney, having the title to the property in his name, it is alleged, refused to use the property for the purpose of an appeal; but it appears that relator still had some property and property rights he had not disposed of. Therefore the finding of the trial court that relator either had property or had purposely deprived himself of it is well founded.

The rule is stated in 17 C. J., p 103, as follows:

"At common law there was no right of appeal in criminal cases; . . . . In the United States, by statute, as a general rule, an indigent defendant appealing from a conviction upon a proper application and showing, is entitled as of right to a transcript of the testimony at the expense of the county or the state, unless he has voluntarily placed himself in such situation."

In support of the above statement are cited in the foot-notes: *State v. Shaffer,* 137 Iowa 93, 114 N. W. 540; *Wainwright v. State,* 11 Okl. Cr. 547, 149 Pac. 914 (erroneously cited as 149 S. W.). These cases being examined sustain the statement of the text.

It being fully substantiated that relator either has the property and means necessary to use for the purpose of his appeal, or has voluntarily placed himself in the situation he now is, the superior court was right in denying him the record on appeal at the expense of the county. The discretion reposed in the trial court was undoubtedly properly exercised. It is therefore impossible for us to disturb the order made by the trial court in its discretion.

The peremptory writ is denied.

MAIN, C. J., MITCHELL, and BRIDGES, JJ., concur.