## 17947.   BOWDEN *et al. v.* THE STATE

1. "An affidavit filed for the purpose of bringing a case to this court in forma pauperis must be 'intituled in the cause', or otherwise on its face affirmatively show its relation thereto, or it will not be treated as sufficient to relieve the plaintiff in error, or his attorney, from paying the costs accruing in this court."

2. The evidence of the accomplice as to the guilt of the accused was direct and positive, and while the evidence of the accomplice must be corroborated, the extent of the corroboration is entirely for the jury. There being some corroborating testimony, this court will not say that the evidence did not authorize the verdict. *Brown* v. *State,* 18 *Ga. App.* 288 (1, *a, b*) (89 S. E. 342), and cit.

DECIDED MAY 11, 1927.

Burglary; from Putnam superior court—Judge Park. December 28, 1926.

*W. T. Davidson,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

BLOODWORTH, J.   Only the first headnote needs to be enlarged upon.   Each of the plaintiffs in error sought to bring his case to this court by pauper affidavit.   The affidavit made by Williams, alias Adams, is as follows:  "Georgia, Putnam County.   Personally appeared before the undersigned Ambrosia Williams, alias Buddie Adams, one of the plaintiffs in error in the bill of exceptions filed in the case of Dock Bowden and Ambrosia Williams, alias Buddie Adams, and on oath says that he is, because of his poverty, unable to pay the costs in said case.   (Signed) Ambrosia Williams, alias Buddie Adams, (by) his mark.   Sworn to and subscribed before me this 18th day of January, 1927.   L. M. Pennington, N. P. (Seal) L. M. Pennington, Notary Public Putnam county, Ga."   The affidavit made by Bowden is substantially the same as the foregoing, except that in it there is the additional statement that the case is "from Putnam superior court."   The headnote which we are discussing is a copy of the first headnote in *Parks* v. *State,* 110 *Ga.* 760 (36 S. E. 73).   In discussing that case Justice Cobb said: "If the affidavit is not entitled in the cause, or if the name of the case does not appear in some part of the affidavit, or the statements made therein be not sufficient to indicate to what case the affidavit relates, it could not be used as a foundation for a prosecution for perjury, and for this reason it

Criminal Law, 16 C. J. p. 698, n. 88; p. 700, n. 92; p. 714, n. 34; 17 C. J. p. 104, n. 87; p. 255, n. 53.

should not be received as evidence in any court in any proceeding whatsoever." From an examination of the pauper affidavits filed it can not be ascertained even whether they relate to civil or criminal cases. While the names of the parties appear in the affidavits, *the name of the case does not appear in either of them.* As neither of the pauper affidavits is entitled in the cause, and as there is nothing in either of them to affirmatively indicate to what cause it relates, the clerk of this court properly required the payment of costs in each case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*