## 22226. REDDICK v. THE STATE.

DECIDED JUNE 15, 1932.

*George S. Cargill,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general, Julian Hartridge,* contra.

BROYLES, C. J. Josephine E. Reddick was tried on an accusation, drawn under section 1(c) of the act of 1923 (Ga. L. 1923, p. 39), which charged that she was a dealer in cigarettes at retail, and that she sold and offered for sale cigarettes without first paying to the commissioner of revenue a tax of ten per centum of the sales price at retail of each package of cigarettes sold by her, and without affixing to each package of cigarettes a stamp (obtained from

the commissioner of revenue) evidencing the payment of the tax. The case was tried by the judge without the intervention of a jury. A witness for the State testified that on Monday morning, November 9, 1931, he went to the defendant's place of business and found two cartons of cigarettes *under* the counter; that the cigarettes were in the original packages, but the cellophane had been removed from the packages, and no stamps were on the individual packages of cigarettes. This witness further testified that, when he first visited the place on Monday morning, the defendant was not there, and that another woman was in charge who said that the defendant had gone uptown; that he returned on the afternoon of the same day and found the defendant there and that she showed him twenty stamps and said she had been uptown to buy them and that she bought the cigarettes on the preceding Friday; that she did not know who sold her the cigarettes or the stamps. The defendant made the following statement: "I bought the cigarettes on Saturday evening late. I never used them. I waited until Monday morning, and went where I usually buy cigarettes and bought the stamps. The man sold me two cartons and when I went home the inspector was there; he had been there and had taken the cigarettes away. In the evening he came again and I showed him the stamps that I had bought from Mr. Doyle to put on them. I set the cigarettes under the table and never used them, and I bought the stamps and showed them to him. He asked me who I bought them from, and I told him I did not know. He came in then and I only bought two cartons, and that's all." The court found the defendant guilty and subsequently overruled her motion for a new trial based upon the usual general grounds.

The evidence authorized the finding that the two cartons of cigarettes had been in the defendant's place of business for a greater length of time than forty-eight hours without having the proper stamps affixed thereon, in violation of the act of 1929 (Ga. L. 1929, pp. 76-84). But did the evidence authorize her conviction of the offense charged, to wit, that she did "sell and offer for sale" the cigarettes? It is not contended by the State that she actually sold any, but it is insisted that under the provisions of section 1(d) of the act of 1923 (Acts 1923, p. 39) the circumstantial evidence authorized the judge to find that she had *offered*

the cigarettes for sale. That subsection provides as follows: "The *exhibition* of any package, or packages, of cigarettes or cigars which do not bear the stamps required to be affixed under the provisions of this act, by any retail dealer, *in* any *showcase, window,* or *on* any *shelf* or *table* shall constitute prima facie evidence of the guilt of such dealer of the violation of this act" (italics ours). The foregoing subsection was amended by the act of 1924 (Ga. L. 1924, p. 25) to read as follows: "Sec. 2(d). The *exhibition* of any package, or packages, of cigarettes which do not bear the stamps required to be affixed under the provisions of this act, by any retail dealer, *in* any *showcase, window* or *on* any *shelf* or *table,* or the possession of any box, package, or container of cigars, which do not bear stamps as required herein, shall constitute prima facie evidence of the guilt of such dealer of the violation of this act" (italics ours). It thus clearly appears that it was the legislative intent to make the mere possession by a retail dealer of unstamped packages of *cigars* prima facie evidence that he had either sold some of the cigars or had offered them for sale, but that in the case of *cigarettes* it required their "exhibition" *in* a *showcase, window,* or *on* a *shelf* or *table,* to constitute such prima facie evidence. The evidence in this case is that the cigarettes were found *under* the counter in the defendant's place of business, while the defendant in her statement said they were "under the table." It does not appear from the evidence or the statement that the cigarettes, whether under the counter or under the table, were exposed to view. In other words, it was not shown that the defendant "exhibited" the cigarettes by placing them in a showcase, a window, or *on* a shelf or table. Under the rule, hoary with age, that criminal statutes must be strictly construed, the foregoing provisions of the act will not be extended to cover the exhibition of cigarettes in any way other than those specifically stated in the act, and we hold that the placing by the defendant of the cigarettes *under* the counter or *under* the table in her place of business, under the circumstances heretofore related, did not constitute prima facie evidence of her guilt of selling or offering for sale the cigarettes. The evidence as to her intent to commit the offense charged was wholly circumstantial and did not exclude every reasonable hypothesis save that of her guilt, since it did not exclude the reasonable theory that she bought the cigarettes and

356

put them under the counter or table with no intention of selling or offering them for sale until she had affixed thereon the proper stamps, which the direct evidence shows that she had bought before the case was made against her. In our opinion the defendant's conviction was contrary to law and the evidence, and the refusal to grant her a new trial was error.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*