Motion for free transcript denied September 3; argued on the merits
November 8; affirmed December 10, 1935

# STATE *v.* MORGAN
(48 P. (2d) 766, 52 P. (2d) 186)

*William P. Lord* and *T. Walter Gillard,* both of Portland, for appellant.

*Willis West,* District Attorney, of Astoria, for the State.

KELLY, J. Defendant has filed a motion herein for an order directing the trial judge to issue an order providing defendant with a free transcript of testimony and proceedings taken at the trial of the above cause, and requiring the trial judge to extend the time for perfecting defendant's appeal herein until said testimony and record can be transcribed and an opportunity afforded defendant's counsel to examine said transcript and prepare a proper bill of exceptions thereon.

On the 2d day of April, 1935, defendant made an affidavit requesting the trial court to order the official reporter to furnish defendant with a transcript of the testimony taken by said reporter at the trial of the above entitled cause. Omitting the title of the cause and the jurat, said affidavit is as follows:

"State of Oregon,    }
County of Clatsop.  }ss.

I, J. F. Morgan, being first duly sworn, depose and say that I am the defendant in the above entitled cause, that I am wholly without funds or means, nor can I obtain funds or means with which to defray the cost of obtaining transcript of the testimony taken in shorthand by the official reporter in the above entitled cause, and that I have a good cause of appeal as shown by motion for new trial heretofore filed herein and

arguments thereof, and that justice will be promoted by the court herein allowing the accompanying motion which I request, and do hereby request that the official reporter herein be ordered and directed to furnish me with a transcript of the testimony taken by him in shorthand at the trial of the above entitled cause.

J. F. Morgan.''

An oral motion for the relief thus requested was also made by defendant.

The trial court denied said motion on the ground that sufficient cause had not been shown, by affidavit or otherwise, to justify such an order.

The motion for a new trial mentioned in the foregoing affidavit was based upon three grounds:

## I.

Insufficiency of the evidence to justify the verdict and judgment, and that it is against law.

## II.

Error in law occurring in the trial and excepted to by defendant herein.

## III.

Irregularity in the proceedings of the court, jury and adverse party, orders of the court, abuse of discretion, by which defendant herein was prevented from having a fair trial.

Omitting the title of the cause and the jurat, defendant's affidavit in support of his motion for a new trial is as follows:

''State of Oregon, ⎱
County of Clatsop. ⎰ ss.

I, J. F. Morgan being first duly sworn, depose and say that I am the Defendant in the above entitled cause and in connection with my motion for a new trial herein and in particular paragraph No. 3 thereof I do aver that as shown on the records and files of

this case and in particular by a letter written by me to Honorable Judge H. K. Zimmerman, judge of the entitled court, and delivered to said judge on the 23rd day of January, 1935, said letter also being described as State's exhibit No. 21 herein, I did request a change of judge on the ground that said Honorable Judge Zimmerman was prejudiced against me and at the time I wrote said letter I did not have an attorney to advise me, and further on the 9th day of February, 1935 I did confirm said letter by the filing of a formal affidavit of prejudice as shown by the records and files herein, and on the 9th day of February, 1935, an order was entered herein denying my request of January 23, 1935 for a change of judge, and that by reason thereof there was an irregularity in the proceedings, an abuse of discretion on account of said order by which I was prevented from having a fair trial.

J. F. Morgan."

Under the common law, the courts had the discretionary power of allowing a party indicted to defend as a pauper: 1 Chitty's Criminal Law, 412, 413; *Rex v. Wright, et ux.*, Vol. II, Strange's Rep. 1041.

Section 28-705, Oregon Code 1930, among other things, provides:

"* * * that when the defendant in any criminal cause who shall have perfected an appeal from judgment against him presents to the judge satisfactory proof, by affidavit or otherwise, that he is unable to pay for such transcript, the court, if in the opinion of the judge justice will be thereby promoted, may order said transcript to be made; * * *."

The question here presented is whether an abuse of discretion has been shown on the part of the trial judge in denying defendant's motion for a transcript of the testimony under the above quoted statute.

Section 3777 of the Code of Iowa, 1873 (18 G. A. Ch. 195, Sec. 2; Sec. 5029 McClain's Ann. Code of Iowa,

1888), contained a provision like the one above quoted from said section 28-705 of the Oregon Code. In construing the above cited section of the Iowa Code the supreme court of that state, being called upon to make an order requiring a transcript of the testimony to be furnished to an indigent defendant, said:

"The advisability of making such an order as was asked in this case rests peculiarly within the discretion of the trial judge. He is conscious of the character of the case, the nature of. the testimony, the severity of the punishment, and of all the facts and circumstances surrounding the case; and we must presume that his discretion was wisely exercised. He no doubt was fully impressed with the responsibility resting upon him, and has decided the case under his oath, according to the very right of the matter. Evidently the trial judge was of the opinion that justice would not be promoted by making the order. We, of course, do not have the testimony, and are unable to say what questions are presented therein. Such of the record as we do have does not indicate an abuse of discretion on the part of the trial judge." *State v. Waddle,* 94 Iowa, 748 (64 N. W. 276).

Subsequent to the decision in the Waddle case, the Iowa statute was amended by omitting the clause, "if in the opinion of the judge justice will be thereby promoted".

The state of Washington has a similar statutory provision (Vol. 2 Rem. Rev. Stat., 1932, § 42-5). In construing this provision the supreme court of Washington say:

"The statute before us involves more than the mere indigence of the defendant. It prescribes that if the presiding judge does not think justice will be promoted, he shall not order a free transcript of the evidence for the accused on appeal. Although it is possible, it is not manifest that the discretion of the trial judge was abused in this instance. It cannot justly

be said that this usurps the functions of. this court, which in such cases are purely appellate, while the superior court is a court of general and exclusive jurisdiction, except for the correction of errors in the matters and ways provided by law. The language of the statute is very broad and vests in the trial judge almost absolute discretion. Its language is: 'if in his opinion justice will thereby be promoted [he] may order said transcript to be made by the official reporter.' " *State ex rel. Marr v. Superior Court for Pierce County et al.*, 163 Wash. 459 (1 P. (2d) 331).

These opinions from Iowa and Washington support the above construction of the Oregon statute namely that it is discretionary with the trial judge to determine whether an order should be made for a transcript of testimony at the expense of the county; and, unless the record discloses an abuse of that discretion, the order of the trial judge, denying defendant's motion for such an order, should be upheld.

We find nothing in the record of the instant case showing an abuse of such discretion.

The question stressed by defendant's motion for a new trial is one which may be determined without recourse to the testimony. That question is whether the trial court erred in overruling defendant's motion for a change in respect to the judge who should preside at defendant's trial.

There is no showing by defendant with respect to the alleged insufficiency of evidence. We cannot presume that the evidence was insufficient. There is no showing to the effect that a narrative statement of the facts can not be incorporated in a bill of exceptions. Both reason and experience impel us to believe that such a course is open to defendant. Such a narrative is not before us. In fact, we are without any basis for holding that the trial court abused its discretion in

refusing to burden Clatsop county with the expense of a transcript of testimony herein.

To obtain the relief sought herein, the requisite showing by affidavits or other verified statement of facts should be made in the trial court from which facts it would be manifest that in the exercise of judicial discretion the trial judge should furnish defendant with a transcript of the testimony at the expense of the public.

A review of the legislative expression upon the subject of supplying an indigent defendant with a record for the purpose of an appeal is set forth in the American Law Institute's proposed Code of Criminal Procedure at page 1270, et seq.

In examining statutory provisions of other states upon the subjects of indigent criminal appellants and the duty of the officers of the court to furnish them records for the purposes of appeal, we find none except the two above noted which contain the clause, "if in the opinion of the judge justice will be thereby promoted". Those which we have had occasion to consider are: Alabama 1928, Secs. 3667, 3248 and 10259; Arkansas, Kirby's Dig. Secs. 2469, 2471 and 2626; Dig. of Stats. Arkansas, Crawford & Moses 1921, Sec. 2251, (construed in *Jordan v. State*, 102 Ark. 43 (143 S. W. 131)); Arizona 1928 Rev. Code, Sec. 5141; California, Vol. 4 Kerrs Cyc. of Codes (Pen. Code) Sec. 1246; Colorado Comp. Laws 1921, p. 1822, Sec. 7114; Connecticut, Sec. 2260, Gen. Stat. Rev. of 1930 (Gen. Stat. 1918, Sec. 5840, construed in *State v. Klein,* 95 Conn. 451 (112 Atl. 524), repealed); Florida Comp. Gen. Laws, 1927, Secs. 8479 and 8489; Georgia Code 1933, Sec. 6-203; Idaho Code Ann. 1932, Sec. 19-2303; Iowa Code 1931, Sec. 14000; Illinois, Smith-Hurd, Ill. Rev. Stats. 1935, Ch. 38, 769-a; Indiana, 2 Burns Stats. Ann. 1933,

Sec. 4-3511; Carroll's Kentucky Stats. 1930, Sec. 4645 a-4; Louisiana, Vol. 1, Gen. Stats. (Dart) Secs. 1400, 1404; Maine Rev. Stats. 1930, Sec. 28, pp. 1658, 1659 (restricted to murder cases); Vol. 1, Gen. Laws, Mass. 1932, Ch. 278, Sec. 18; Vol. 3, Michigan Compiled Laws 1929, Sec. 13781; Mississippi Vol. 1, Code 1930, Sec. 725, pp. 498, 499; Missouri, 4 Stats. Ann. 1932, Sec. 3756, p. 3292 (applicable to murder cases only); Montana, Vol. 3, Rev. Code 1921, Sec. 8931; Comp. Stat. Neb. 1929, Secs. 27-339 and 29-2306; Supp. to Comp. Stats. of N. J. 1925-1930, Sec. 53-145c (2), Session Laws, 1927, p. 235, Ch. 125, Sec. 2; Vol. 2, Laws N. Y. 1933, p. 1226, Ch. 591 (restricted to capital cases); North Dakota, 1913 Comp. Laws, Sec. 11002; North Carolina Code 1931, Sec. 4651; Oklahoma 1931 Stats. Sec. 3823; Ohio Throckmorton's Ann. Code 1934, Sec. 1552; Pennsylvania, Vol. 19, Purdon's Stats. Ann. Sec. 1232 (restricted to murder cases); Rhode Island Gen. Laws, 1923, Ch. 328, Sec. 4; Vol. 1, South Carolina Code of Laws, 1932, Civ. Proc. Sec. 779, Cr. Proc. Sec. 1033; Vol. 1, South Dakota Comp. Laws 1929, Sec. 4939; Texas, Vol. 3, Vernon's Ann. Crim. Stats. Art. 760, sub-div. 6, p. 77; Rev. Stats. Utah 1933, Sec. 28-7-3, p. 459; 1933 Public Laws of Vermont, Sec. 1387 (In cases of imprisonment for ten years or more, trial judge may require transcript to be filed with clerk.); Vol. 2, Virginia Code 1930, Sec. 4938; Washington, Vol. 2, Rem. Rev. Stat. Sec. 42-5; West Virginia Code 1932 Ann., p. 1868, Sec. 5803; Wyoming Comp. Stats. 1920, Sec. 1172.

Formerly, in California, a transcript of testimony was furnished defendant on appeal. Vol. 4, Kerrs Cyc. of Codes (Pen. Code) Section 1246. Subsequently, this section was amended rendering rules of judicial council applicable: Penal Code, California, Sec. 1246, p. 631.

There is judicial statutory construction declaring that the duty is upon the trial court to furnish defendant with a record where a prima facie showing of indigence is made by defendant and no counter showing is interposed by the prosecution: *State v. Van Gorder,* 192 Iowa, 353 (184 N. W. 638); *State v. Goodsell,* 136 Iowa, 445 (113 N. W. 826); *Smith v. Bastin,* 192 Ky. 164 (232 S. W. 415); *Smith v. Sisters of the Good Shepherd,* 27 Ky. Law Rep. 1170 (87 S. W. 1076).

In the following cases, such a course is held to be discretionary with the trial judge: *State v. Klein,* 95 Conn. 451 (112 Atl. 524); *Merrick v. The State,* 63 Ind. 327; *Falkenburgh v. Jones,* 5 Ind. 296; *Ex parte Morgan,* 122 Ind. 428 (23 N. E. 863); Comp. Stat. Nebraska, 1922, Secs. 10184 and 11123; *Rice v. State,* 120 Neb. 641 (234 N. W. 566); *Argabright v. State,* 46 Neb. 822 (65 N. W. 886); Vol. 17, Purdon's Penn. Stat., Secs. 1809 and 1810; *Commonwealth v. Kosh,* 16 Pa. Dist. & Co. Reps. 634; *State ex rel. Marr v. Superior Court* (Wash.) supra; *State ex rel. Coella v. Fenimore, Clerk,* 2 Wash. St. 370 (26 P. 807); *Stowe v. State,* 2 Wash. St. 124 (25 P. 1085); *State ex rel. Mahoney v. Ronald, Judge,* 117 Wash. 641 (202 P. 241, 243); *State ex rel. Whitfield v. Superior Court,* 125 Wash. 667 (216 P. 887).

In some instances in sister jurisdictions, the question here involved has been presented by proceedings in mandamus: *Kendall v. Rudderow,* 35 Ariz. 453 (281 P. 37); *Falkenburgh v. Jones,* supra; *State ex rel. Martin v. Wofford, Judge,* 121 Mo. 61 (25 S. W. 851); *State ex rel. Scales v. Zachritz, Judge,* 145 Mo. 269 (46 S. W. 961); *State ex rel. Lashley v. Ittner,* 315 Mo. 68 (285 S. W. 509), changed and reprinted in 292 S. W. 707; *Ex parte Fread,* 83 Tex. Cr. R. 465 (204 S. W. 113); *Arbuckle v. State,* 103 Tex. Cr. 129 (280 S. W. 824);

*State ex rel. Coella v. Fenimore,* supra; *State ex rel. Mahoney v. Ronald, Judge,* supra; *State ex rel. Wigal v. Wilson,* 43 Okla. 112 (141 P. 426) (a civil case).

In others, by certiorari, *State v. Nash,* 109 N. C. 822 (13 S. E. 733); *State ex rel. Marr v. Superior Court,* supra.

In one instance, at least, an attempt was made to present it by habeas corpus: *Ex parte Wigger,* 39 Okla. Cr. 108 (263 P. 1112).

In other instances, in that jurisdiction and other jurisdictions, it was determined by writ of error: *Rolle v. State,* 115 Fla. 64 (154 So. 892); *Reddick v. State,* 45 Ga. App. 353 (164 S. E. 455); *Summerour v. State,* 172 Ga. 560 (158 S. E. 327); *Bowden et al. v. State,* 36 Ga. App. 751 (138 S. E. 246); *Oliver v. State,* 160 Ga. 365 (127 S. E. 732); *Rice v. State,* supra; *Argabright v. State,* supra.

In other instances, by writ of review: *Rast v. State,* 77 Fla. 225 (81 So. 523); *State ex rel. Langhorne v. Superior Court,* 32 Wash. 80 (72 P. 1027); *State ex rel. Whitfield v. Superior Court,* supra.

And in still other jurisdictions, on appeal: *State v. Klein,* supra; *Merrick v. State,* supra; *Ex parte Morgan,* supra; *State v. Waddle,* supra; *State v. Goodsell,* supra; *State v. Robbins,* 106 Iowa 688 (77 N. W. 463); *State v. Wright,* 111 Iowa 621 (82 N. W. 1013); *State v. Steidley,* 133 Iowa 31 (110 N. W. 147); *State v. Harris,* 151 Iowa 234 (130 N. W. 1082); *State v. Adams,* 133 N. W. 706; *State v. Dewey,* 155 Iowa 469 (136 N. W. 533, 40 L. R. A. (N. S.) 478); *State v. Kehr,* 137 Iowa 91 (114 N. W. 542); *State v. Gray,* 87 N. W. 416; *State v. Height,* 88 N. W. 331; *State v. Shaffer,* 137 Iowa 93 (114 N. W. 540); *State v. Van Gorder,* supra; *State v. Tonn,* 190 Iowa 381 (180 N. W. 164); *Wilson v. Melcroft*

*Coal Co., et al.,* 226 Ky. 744 (11 S. W. (2d) 932) ; *Smith v. Bastin,* supra, (this is a suit for mandatory injunction) ; *People v. Jones,* 34 Hun. 620 (3 N. Y. Cr. Rep. 252) ; *People v. Willett,* 3 N. Y. Cr. Rep. 54 ; *State v. Marion,* 200 N. C. 715 (158 S. E. 406) ; *State v. Pike,* 205 N. C. 176 (170 S. E. 649) ; *State v. Stafford,* 203 N. C. 601 (166 S. E. 734) ; *Banks v. State,* 114 Tex. Cr. 219 (21 S. W. (2d) 517) ; *Kelly v. State,* 69 Tex. Cr. 550 (155 S. W. 225) ; *Ballinger v. State,* 110 Tex. Cr. 148 (8 S. W. (2d) 159) ; *Cummings v. State,* 104 Tex. Cr. 117 (282 S. W. 227) ; *Fuller v. State,* 110 Tex. Cr. 631 (10 S. W. (2d) 556) ; *Herrera v. State,* 78 Tex. Cr. 259 (180 S. W. 1097) ; *Jackson v. State,* 70 Tex. Cr. 292 (156 S. W. 1183) ; *Burden v. State,* 70 Tex. Cr. 349 (156 S. W. 1196) ; *Belote v. State,* 123 Tex. Cr. 468 (59 S. W. (2d) 161) ; *Sisson v. State,* 92 Tex. Cr. 601 (244 S. W. 1012) ; *Akers v. State,* 94 Tex. Cr. 413 (251 S. W. 228) ; *Young v. State,* 33 Okla. Cr. 255 (243 P. 763) ; *Reed v. State,* 53 Okla. Cr. 391 (12 P. (2d) 551) ; *Noel v. State,* 17 Okla. Cr. 308 (188 P. 688) ; *Lenora v. State,* 51 Okla. Cr. 291 (1 P. (2d) 832) ; *Brogdon v. State,* 38 Okla. Cr. 269 (260 P. 784) ; *Clark v. State,* 39 Okla. Cr. 116 (263 P. 679) ; *Moore v. State,* 33 Okla. Cr. 304 (243 P. 995) ; *Hembree v. State,* 53 Okla. Cr. 79 (7 P. (2d) 491) ; *Jeffries v. State,* 9 Okla. Cr. 573 (132 P. 823) ; *Hutchins v. State,* 13 Okla. Cr. 717 (167 P. 338) ; *Harris v. State,* 10 Okla. Cr. 417 (137 P. 365) ; *Wainwright v. State,* 11 Okla. Cr. 547 (149 P. 914) ; *Corliss v. State,* 12 Okla. Cr. 526 (159 P. 1015).

As stated, it does not appear that it was an abuse of judicial discretion on the part of the learned trial judge to deny defendant's motion for an order that a transcript of testimony be furnished defendant at the expense of Clatsop county. Defendant's motion to the same effect presented in this court is denied.

Argued November 8; affirmed December 10, 1935.

ON THE MERITS
(52 P. (2d) 186)

*T. Walter Gillard,* of Portland, for appellant.

*Willis West,* District Attorney, of Astoria, for the state.

KELLY, J. Defendant, being convicted of rape, appeals.

█ At the oral argument, the district attorney moved for a dismissal of defendant's appeal on the ground that no brief, bill of exceptions or transcript of testimony had been filed. No assignment of error was made until said oral argument, at which time a typewritten assignment was presented and filed. The question of the sufficiency of the indictment and of the verdict to sustain the judgment may be tested by such a record as we have in the instant case; hence, the motion for dismissal must be overruled and it is so ordered.

█ But one assignment of error is presented here, and that is to the effect that in denying defendant's request for another judge to preside at his trial the court committed error.

Defendant was arraigned and entered a plea of not guilty on Monday, January 21, 1935. Thereafter, a letter, bearing date January 23, 1935, written by defendant and addressed to the trial judge, was brought

to the trial judge. Omitting its formal parts, the contents of the letter are as follows:

"Beliveing yourself to be prejudicial to myself and beliveing it to be in all fairness to justice and myself, I hereby request that I be granted a change and have a judge other than yourself to preside at my comeing trial and that the appointment of an attorney be left to the judge who may be appointed to preside at said trial."

On the 9th day of February, 1935, defendant made and filed herein an affidavit referring to said letter, stating that the sheriff informed defendant that he, the sheriff, had delivered said letter to the trial judge on said 23d day of January, 1935; that on the 24th day of January, 1935, the district attorney informed defendant that the court had refused defendant's request; and on the 25th day of January, 1935, defendant was taken into court and notified by the judge that defendant's request had been refused. Said affidavit of defendant concludes as follows:

"That the court denied my request but that no written order has been entered in regard thereto and at this time I wish to have my request actually filed as to indictment numbered 1. That I believe the Hon. H. K. Zimmerman is prejudiced against me and that I believe that I cannot have a fair and impartial trial before him."

On said 9th day of February, 1935, an order was made denying defendant's request for a change of judge.

The statute, in effect, when defendant's affidavit for change of judge was filed, provided that:

"Any party to or any attorney appearing in any action, suit or proceeding in a circuit court may establish such prejudice by motion supported by affidavit that the judge before whom the action or suit is pending is prejudiced against such party or attorney, so

that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge, and that it is made in good faith and not for the purpose of delay, and shall be filed with such motion at any time prior thereto or within one day after such action, suit or proceeding is at issue upon a question of fact, or such further time as the court may allow, and not otherwise, * * *.'' Section 1-406, Oregon Code 1930, as amended by Oregon Laws 1933, Chap. 375, p. 595.

It would be an unwarranted construction to hold that the letter above quoted constitutes a motion. It does not bear the title of any cause. When it was transmitted to the trial judge, it was unattended by any affidavit. The affidavit of February 9, 1935, does not comply with the above quoted section of the statute in that it fails to state ''that it is made in good faith and not for the purpose of delay''.

Moreover, neither the letter nor the affidavit was filed prior to or within one day after issue was joined by the plea of not guilty. From the affidavit, it appears that there were two or more indictments pending against defendant and, until the statement was made in his affidavit that defendant desired the letter filed as to indictment numbered 1, the clerk doubtless was at a loss to know to which case the defendant desired it to apply.

In this state of the record, we cannot say that reversible error was committed by the trial court in denying defendant's request for a change of judge.

The judgment of the circuit court is affirmed.