Argued October 28, peremptory writ disallowed December 31, 1974

## STATE ex rel YRAGUEN, *Plaintiff, v.* DORROH, *Defendant.*

530 P2d 29

*F. J. Yraguen,* Vale, argued the cause and filed a brief pro se.

*Roy Kilpatrick,* John Day, argued the cause and filed a brief for defendant.

Before O'CONNELL, Chief Justice, and HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

### HOLMAN, J.

This is an original proceeding in mandamus to require the defendant, a circuit judge, to allow the motion of plaintiff, an attorney, for a change of judge, pursuant to ORS 14.260. We allowed an alternative

writ of mandamus ordering defendant to withdraw or to show why he should not do so.

The answer to the alternative writ admitted the allegations of the petition for the writ, except for the allegation that plaintiff's motion was timely filed, and alleged affirmatively (1) that the motion was not timely filed in that it was not made until after defendant had made previous rulings in the "same cause, matter and proceeding," contrary to ORS 14.260; (2) that plaintiff's motion and affidavit were "insufficient in law in that the affidavit nowhere stated that it was made in good faith," as required by that statute; and (3) that "the said motion was not filed in good faith."

Plaintiff's reply denied those affirmative allegations and requested a fact-finding hearing on the issue of good faith. In accordance with the procedure set forth in *State ex rel Lovell v. Weiss*, 250 Or 252, 430 P2d 357, 442 P2d 241 (1968), we then appointed a referee to conduct such a hearing on behalf of this court and to report his findings and recommendations.

It is our conclusion that it is necessary to consider only defendant's contention that plaintiff's affidavit is insufficient in that it does not state that the motion was made in good faith. ORS 14.260 provides that the motion to disqualify a judge be " * * * supported by affidavit * * * that it is made in good faith and not for the purpose of delay * * *." The provisions of the statute are clear and have been construed to require such an allegation *in the affidavit. State v. Morgan*, 152 Or 1, 14, 48 P2d 766, 52 P2d 186 (1935). The affidavit lacks such an allegation although it does appear in the motion. The legislature required the

statement to be under oath, and we have no reason to ignore this formal safeguard which it, apparently, deemed necessary.

The peremptory writ is disallowed.

TONGUE, J., joins in the result.