[Criminal No. 712.    Filed October 7, 1929.]

[281 Pac. 37.]

T. H. KENDALL, Petitioner, v. B. L. RUDDEROW and JOSEPH T. MORGAN, as Official Court Reporters of the Superior Court of Maricopa County, Respondents.

See Criminal Law, 17 **C. J.**, sec. 3376, p. 104, n. 87.

Mr. W. L. Barnum and Mr. Robert McMurchie, for Petitioner.

Mr. George T. Wilson, for Respondents.

PER CURIAM.—T. H. Kendall was convicted in the superior court of Maricopa county of the crime of embezzlement, and appealed from the judgment rendered upon the verdict to this court. Upon his appeal being taken he filed an affidavit showing that he was without means to pay for the cost of the appeal in accordance with the provisions of paragraph 1163, Penal Code of 1913, which reads as follows:

"Upon appeal being taken to the Supreme Court, the clerk with whom the notice of appeal is filed must, within ten days thereafter, and if the appellant shall first make and file his affidavit of the case showing that he is without means, and wholly unable to pay therefor, then, without charge, transmit to the clerk of the Supreme Court a copy of the notice of appeal and of the record of the case, including a transcript of the evidence, such transcript to be furnished by the court reporter at the expense of the county. The clerk of the Supreme Court must file the same and perform the same service as in civil cases without charge, in case the appellant is unable to pay the same. At any time within five days after the filing of such affidavit, the county attorney may file a written demand that the defendant be examined touching the matters stated in the affidavit. The defend-

ant shall thereupon appear before the court at such a time as the court may fix and may be examined by the county attorney and the attorney for the defendant touching the ability of the defendant to pay for the transcript of the record and evidence and any other matter stated in the affidavit. If the court is satisfied from such examination that the defendant is unable to pay for the transcript of the record and evidence it shall enter an order directing such transcript to be furnished at the expense of the county; if not so satisfied, the court shall enter an order directing that the county shall not pay for such transcript. In the absence of the judge of the superior court from the county the examination may be had before the court commissioner.''

Thereafter he filed in this court this original proceeding, asking for a writ of *mandamus* against B. L. Rudderow and Joseph T. Morgan, the official court reporters of the superior court of Maricopa county, setting up the foregoing facts, and that the county attorney of Maricopa county did not, within five days after the filing of the affidavit aforesaid, or at all, file any demand that the petitioner be examined touching the matters set forth in his affidavit, but, that notwithstanding that demand had been made upon the court reporters aforesaid that they prepare the official court reporter's transcript of the evidence and proceedings had in petitioner's trial in the superior court, they had neglected and refused to do so. An alternative writ was issued, and on the return thereto defendants admitted all the matters set up by petitioner, but alleged that no copy of petitioner's affidavit had ever been served upon the county attorney of Maricopa county, nor had he any knowledge of its being filed; that no hearing upon said affidavit had been had in the superior court and that the court had never ruled upon the matter, or made any order directing the reporter to furnish said transcript at the expense of the county.

We are of the opinion that the return to the alternative writ is insufficient. The statute plainly states that upon the filing of the proper affidavit it is the duty of the court reporter to furnish the transcript of the evidence at the expense of the county. The sole exception thereto is that, if the county attorney within five days makes written demand therefor, the affiant must then be examined by the court touching his ability to pay for the transcript, and the court upon such examination shall either determine that he is unable to pay for it, and order that it be furnished at the expense of the county, or, if not so satisfied, shall order that the county shall not pay for it. The whole proceeding before the superior court is predicated upon the written demand of the county attorney, made as provided for in the statute. In the absence of such demand, the court has no jurisdiction to examine the affiant, or to make any order whatsoever in the premises. The statute itself is in such a case the authority under which the reporter must make the transcript, and the county must pay the proper legal charge therefor. It is probably true it would be better if the law provided a copy of defendant's affidavit should be served on the county attorney, but it does not, and we cannot read that requirement into the statute.

The writ heretofore issued is made permanent.