# APRIL 29, 1936

### WILL ALEXANDER V. THE STATE.

No. 17795. Delivered April 29, 1936.

The opinion states the case.

*Victor Gleckler,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary;

penalty assessed at confinement in the penitentiary for two years.

No statement of facts accompanies the record. However, in due time after the judgment was entered against him the appellant presented an affidavit to the trial court in which, after the due form of oath, he stated:

"* * * the said defendant was convicted of burglary and sentenced to a term of five years in the penitentiary, from which judgment he, the said Will Alexander, desires to prosecute an appeal to the Court of Criminal Appeals of the State of Texas, and that he is unable to pay the costs of appeal, or any part thereof, or to give security therefor.

"And affiant states further, on his oath aforesaid, that he resides in Travis County, Texas.

"Wherefore, defendant prays that a transcript, copy of bills of exception and statement of facts (question and answer form) be furnished for his said appeal."

Subdivision 6 of Article 760, C. C. P., contains the following: "When defendant cannot pay.—When any felony case is appealed and the defendant is not able to pay for a transcript of the testimony or give security therefor, he may make affidavit of such fact, and upon the making of such affidavit, the court shall order the official court reporter to make a narrative statement of facts and deliver it to such defendant."

From Texas Jur., Vol. 4, p. 415, sec. 283, we take the following quotation:

"To entitle the defendant to a free statement of facts he must make the affidavit provided for in the statute, and the record must show that the affidavit was filed and called to the attention of the trial court. The affidavit must contain all of the requirements specified in the statute; and hence it must state that the appellant is unable to give security for the cost of a transcript, an affidavit which merely states that he is unable to pay for the transcript being insufficient. If the affidavit is insufficient and the transcript fails to show any order of record, it will be presumed that the judge failed to make any such order, or, if he made an oral order, that it was rescinded. *The judge has no authority to pass upon the truth of the affidavit.*"

See Ex parte Fread, 83 Texas Crim. Rep., 465.

It is apparent that the appellant's affidavit was not in strict compliance with the statute. It fails to state that the appellant *"is not able to pay for a transcript of the testimony or give security therefor."* The language of the statute should be fol-

lowed substantially. See Banks v. State, 114 Texas Crim. Rep., 219. However, we observe that the refusal to comply with the appellant's request is not based upon any fault in his affidavit but seems to have been denied upon the ground that the presiding judge did not believe that the averments in the affidavit as to the appellant's inability to pay for the transcript were true. From the remarks of the judge in overruling the appellant's motion the following excerpts were taken:

"It appearing to the court from the evidence introduced that the defendant has made an appearance bond in three cases each in the sum of $500.00 and that after conviction in this cause he had entered into his recognizance for appeal in the sum of $1,000.00 and that on the 8th day of February, A. D., 1935, he had employed and engaged counsel of his own choosing, which said counsel had represented him in said cause and is now representing him on his said appeal, the said application for statement of facts free of cost to defendant was by the court refused."

In view of the record and the obvious fact that the statement of facts was not refused because of any fault in the affidavit but was manifestly refused upon the assumption of the trial court that the statements therein were not true, it is thought by the writer that the appellant was improperly denied a narrative statement of the testimony adduced upon the trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*