STATE ex Rel. PARMENTER, Relator, *v.* DISTRICT COURT et al., Respondents.

(No. 8,186.)

(Submitted February 3, 1941. Decided February 24, 1941.)

[110 Pac. (2d) 971.]

454

*Messrs. J. D. Taylor, Wellington D. Rankin* and *Arthur P. Acher,* for Relator, submitted a brief. *Mr. Taylor* and *Mr. Acher* argued the cause orally.

*Mr. Russell E. Smith,* for Respondents, argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Relator was convicted of the crime of embezzlement as defined in section 11318, Revised Codes, and sentenced by the respondent court to serve a term of six years in the state ▌ penitentiary. He appealed from the judgment. He made application to respondent court for an order requiring Ravalli county to pay the court reporter for a copy of the transcript of the evidence estimated to cost $250. His application was heard by the court and refused. By this application he seeks the supervisory power of this court to compel the respondent court to make an order that Ravalli county be required to pay for a copy of the transcribed testimony heard on the trial.

The evidence introduced at the hearing before the lower court is before us, and the single question involved is whether the evidence warrants the action of that court in refusing the order sought. The only evidence offered was that of relator.

He testified that he had turned over all of his property, including his home, to the city of Hamilton to apply on a shortage as city treasurer. He admitted that his wife held title to a 1938 Packard automobile which he transferred to her about a year before the hearing, and that she had borrowed $350 on it with which to meet a doctor bill; that his wife had endeavored to obtain a further loan on the car but has been unable to do so. He testified that he was without property or security of any kind and did not know of any place where he could raise the money; that he has borrowed all he can on his insurance policies in order to get money to live on; and that his son is so heavily indebted that it will take him a "couple of years to get out."

The statute governing the question under consideration is section 8931, Revised Codes, which in part provides that, "If it appears to the judge that a defendant in a criminal case is unable to pay for such copy [referring to the testimony and proceedings upon the trial] the same shall be furnished him and paid for by the county." This statute was evidently passed in order to aid in carrying out the command of section 6, Article III of the Constitution, reading: "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property, or character; and that right and justice shall be administered without sale, denial or delay."

The evidence shows that relator is unable to pay for the copy of the transcript. It is without conflict. Such being the case, we need go no further than to make reference to the statute, section 8931, to demonstrate that relator is entitled to the order sought. However, we point out that other appellate courts have under similar circumstances held the trial court in error. (See *Jeffries* v. *State,* 9 Okl. Cr. 573, 132 Pac. 823; *Hutchins* v. *State,* 13 Okl. Cr. 717, 167 Pac. 338; *Ex parte Wigger,* 39 Okl. Cr. 108, 263 Pac. 1112; *State* v. *Robbins,* 106 Iowa, 688, 77 N. W. 463; *Kendall* v. *Rudderow,* 35 Ariz. 453, 281 Pac. 37; *State* v. *Wright,* 111 Iowa, 621, 82 N. W. 1013; *State* v. *Gray,* (Iowa) 87 N. W. 416; *Alexander* v. *State,*

456

130 Tex. Cr. 274, 94 S. W. (2d) 175; *State* v. *Tonn,* 190 Iowa, 381, 180 N. W. 164; *State* v. *Height,* (Iowa) 88 N. W. 331.) The writ applied for will issue.

Mr. Chief Justice Johnson and Associate Justices Erickson, Anderson and Morris concur.